Robert KEHOE, Appellant,

v.

ANHEUSER–BUSCH, INC., Appellee.

No. 92–2395.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 12, 1993.

Decided May 17, 1993.

Amended June 25, 1993.

John D. Lynn, St. Louis, MO, argued (Michael J. Hoare, on brief), for appellant.

Susan N. Rowe, St. Louis, MO (argued), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON and REAVLEY,* Senior Circuit Judges.

---

* The Hon. Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

RICHARD S. ARNOLD, Chief Judge.

Robert Kehoe appeals from a summary judgment granted to Anheuser–Busch, Inc., on his claims that he was discharged, at the age of 61, in violation of the Age Discrimination in Employment Act (ADEA) and the Missouri Human Rights Act (MHRA). The District Court held that Kehoe, who was fired during an apparent reduction in force in 1990, failed to present a *prima facie* case of age discrimination. In the alternative, the Court determined that, in any event, Anheuser–Busch articulated legitimate, non-discriminatory reasons for his termination. Kehoe argues that there remain questions of material fact which preclude the entry of summary judgment. We reverse and remand this case for trial.

### I.

Robert Kehoe joined Anheuser–Busch as a member of its Sports Marketing Group in May of 1983.[1] His primary duties were with the Busch Soccer Club, a not-for-profit corporation geared towards the development of youth soccer in the St. Louis, Missouri, area. Although Mr. Kehoe's title was Sports Promotion Coordinator,[2] he in fact was lent as an employee to the Busch Soccer Club. In this capacity, he had only limited exposure to Anheuser–Busch marketing promotions. While with the Busch Soccer Club, he was involved with the selection of coaches and players for the various teams within the Club and the daily operation of the Club, including coaching and scheduling. He also played a large role in the management of the Club, controlling and monitoring the Club's budget, representing the Club at various state, local, and national functions, and developing and implementing Club policies and procedures.

In 1989, Anheuser–Busch, in response to increased competition and declining revenues, instituted a series of cost-cutting measures, including a company-wide hiring freeze. In addition, it instructed individual groups within the company, including the Sports Marketing Group, to reduce their 1990 budgets. In an effort to meet this goal, Bruce Hudson, the senior manager of the Group, recommended to Mark Lamping, the Group's director, that the Group curtail the funding of the Busch Soccer Club, which, according to Mr. Hudson, gave the company little in terms of promotional value for Anheuser–Busch's investment in it. Mr. Lamping agreed with this assessment, and the decision was made to reduce this funding. In conjunction with the reduced funding, Mr. Kehoe was informed, in December of 1989, that his position would be terminated on March 31, 1990. Although he wanted to stay with the company, Anheuser–Busch did not reassign Mr. Kehoe to another position within the Sports Marketing Group. Furthermore, although two Sports Promotion Coordinators had resigned, Mr. Kehoe was not considered for either vacancy (one of which was never filled).

### II.

Under the ADEA, employers are prohibited from discharging employees because of their age. The Act, however, specifically excludes a discharge which is based on good cause. In the present case, the District Court held that Mr. Kehoe was dismissed as part of a plan to reduce costs in order to meet tightening marketplace conditions. This reasoning, if factually supported, would be sufficient to justify Anheuser–Busch's actions under the ADEA.

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has explained this standard as follows:

---

1. The Sports Marketing Group is an organization within Anheuser–Busch that manages, implements, and administers the promotion of the company's products at a wide range of sporting events.

2. While the plaintiff asserts that his job title was Sports Promotion Coordinator, Anheuser–Busch maintains that he was a Sports Promotion Administrator, a job which was somewhat different from that of a Sports Promotion Coordinator. The District Court held that this distinction was irrelevant for purposes of summary judgment, and we agree.

... the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

### III.

■ In evaluating Mr. Kehoe's claims, the District Court found, and we agree, that he was in the protected class (age 61) and that he was discharged from a job that he was arguably qualified for. In order to make a *prima facie* case, plaintiff must also either show that the employer assigned a non-member of the protected class to do the same work (a fact that is necessarily absent from this reduction-in-force case), *or* make "some additional showing" that age played a role in the discharge. *Holley v. Sanyo Manufacturing, Inc.*, 771 F.2d 1161, 1165–66 (8th Cir. 1985). Two pieces of evidence persuade us that the plaintiff met this additional requirement.

■ The first is found in the comments of the plaintiff's manager, Bruce Hudson. In affidavits submitted on behalf of the plaintiff, two of his former co-workers, Jayne Mullin–Sampson and Steve Sampson, detailed a pattern of conduct on the part of Mr. Hudson which could fairly be interpreted by a trier of fact as indicating that Mr. Kehoe's discharge was motivated by his age.[3] Specifically, the Sampson affidavits indicated that Mr. Hudson treated Mr. Kehoe and Bob Brunette, Mr. Kehoe's older co-worker at the Busch Soccer Club, with disdain, and that he referred to them as "moochers," a phrase which Steve Sampson interpreted as equating Mr. Kehoe with someone who is retired. Affidavit of Steve Sampson, Appellant's App. 109. Mrs. Mullin–Sampson noted that Mr. Hudson indicated that the budget cuts provided him with the opportunity to be rid of Mr. Kehoe. Affidavit of Jayne Mullin–Sampson, Appellant's App. 113. In addition, this affidavit stated that Mr. Hudson showed a demonstrated preference towards younger workers, that he treated Mr. Kehoe with less respect than younger workers, and that he excluded Mr. Kehoe from meetings and made derogatory comments about him. *Ibid.* Finally, Mr. Sampson stated that Mr. Hudson had made remarks which indicated that he had no intention of allowing Mr. Kehoe or Mr. Brunette (the two older employees) to function as an integral part of the Sports Marketing Group. Affidavit of Steve Sampson, Appellant's App. 110.

Other evidence can reasonably be interpreted as showing that there was an age-related bias in the personnel practices of the Sports Marketing Group. Prior to his dismissal, Mr. Kehoe was one of the oldest members of the Group. In fact, next to Bob Brunette (who retired before Mr. Kehoe's termination), he appeared to be the oldest Sports Promotion Coordinator by at least 15 years. In addition, Steve Sampson noted in his affidavit that unlike other (younger) Sports Promotion Coordinators who had promotions cancelled, Mr. Kehoe was not given the opportunity to be transferred to another program within the Group. Appellant's App.

---

3. Anheuser–Busch argues that portions of these affidavits are inadmissible. As the defendant points out, in order to be considered on motion for summary judgment, affidavits "shall set forth such facts as would be admissible in evidence...." Fed.R.Civ.P. 56(e). Defendant points, for example, to a statement in the affidavits that Hudson "treated Plaintiff and Bob Brunette with disdain." This statement is merely conclusory, defendant argues, and is therefore inadmissible. We disagree. To be sure, a statement that one person treated another "with disdain" is conclusory in a sense, because it represents the affiant's opinion, stated in summary form, about one person's state of mind with respect to another. In our view, the statement is not thereby rendered inadmissible. If the affiants have "personal knowledge," Fed.R.Civ.P. 56(e), there is no reason why they should not be permitted to summarize their impressions. Here, the affiants do have personal knowledge: they observed all of the principal actors in the work place. If the view stated in the affidavits is vulnerable, whether because of bias on the part of the affiants or because of their limited opportunity to observe Hudson's attitudes, cross-examination can easily reveal these defects and expose them to the judgment of the jury.

105–6. Furthermore, when a vacancy opened up for a Sports Promotion Coordinator, Mr. Kehoe, who already held this title, was apparently not considered for the job. Lastly, there is conflicting evidence in the record as to whether this bypassing of Mr. Kehoe for the Sports Promotion Coordinator position violated a stated goal of Anheuser–Busch to fill vacant positions from within the company. *Compare* Appellant's App. 75, 315 (internal Anheuser–Busch memoranda which elaborate on the desire to hire from within and state that the company should deviate from this policy only in unusual or compelling circumstances, and then only if special approval was obtained), *with* Appellant's App. 166, 242.

This evidence is certainly not conclusive on the issue of whether Mr. Kehoe was discriminated against because of his age. Indeed, Anheuser–Busch has responded to many of the statements cited above with explanations or denials. Given the factual nature of these cases, however, we hold that the evidence is sufficient to create a question of material fact as to whether the discharge of Mr. Kehoe was motivated by his age. As a result, we find that he has presented a *prima facie* case of age discrimination.

### IV.

The establishment of a *prima facie* case, however, does not end our inquiry. After a plaintiff presents a *prima facie* case, the defendant may respond with legitimate, non-discriminatory reasons for his termination. In this case, Anheuser–Busch asserts that Mr. Kehoe lost his job during a reduction in force driven by company attempts to cut costs. Furthermore, Anheuser–Busch argues that even if Mr. Kehoe was qualified to become a Sports Promotion Coordinator, no such position was available when he was terminated. We hold that there are genuine issues of disputed fact on these issues.

Mr. Kehoe's response focuses on the job filled by 23–year–old Kathy Casso in October of 1989. He argues that he could have done this job if he had been given the chance. The Sampson affidavits seem to support this claim, and Mr. Kehoe's job reviews show that he was a satisfactory employee. Plaintiff's supervisors respond that he was not capable of doing the job and, for that reason, he was not considered. In addition, Anheuser–Busch argues that in any event the position was filled five months before Mr. Kehoe's discharge. The Sampson affidavits, however, assert that Mr. Hudson would naturally have known in August of 1989 that he would be firing Mr. Kehoe, because of the need to establish the Club's 1990 budget. Therefore, Anheuser–Busch, knowing in August that it was going to fire Mr. Kehoe, could have kept him on as a Sports Marketing Coordinator, a position identical or very close to the one he supposedly already held with the Busch Soccer Club, instead of going outside of the company to hire Ms. Casso (a process which, according to internal memoranda, would be quite difficult). We hold that there is a factual dispute on this issue.

As stated earlier, the ultimate responsibility remains on Mr. Kehoe's shoulders to show that the defendant's reasons for terminating his employment were pretextual. We have held that evidence which is sufficient to make a *prima facie* case of age discrimination may also be sufficient to create a jury question on the issue of pretext. See, *e.g.*, *Haglof v. Northwest Rehabilitation, Inc.*, 910 F.2d 492 (8th Cir.1990); *Elliott v. Montgomery Ward & Co.*, 967 F.2d 1258, 1263 (8th Cir.1992). We hold that Mr. Kehoe's evidence is indeed sufficient to create a jury question as to whether the defendant's stated reasons for his discharge were pretextual.

### V.

This is a very close case. There is evidence in the record, however, which, if believed by a trier of fact, indicates that Mr. Kehoe was discriminated against on the basis of his age. Therefore, given the factual nature of this case, summary judgment is inappropriate. The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.