35 F.3d 1263
 65 Fair Empl.Prac.Cas. (BNA) 1548
 Robert E. RINEHART, Plaintiff-Appellant,
v.
CITY OF INDEPENDENCE, MISSOURI; Larry Kaufman, Acting City
Manager, City of Independence, Missouri; William
Carpenter, as Mayor, City of
Independence, Missouri,
Defendants-Appellees.
Equal Employment Opportunity Commission, Amicus on Behalf of
Appellant.
 No. 93-3560.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 12, 1994.
Decided Sept. 23, 1994.
Rehearing and Suggestion for Rehearing
En Banc Denied Dec. 12, 1994.*
 
 Dennis E. Egan, Kansas City, MO, argued (Martha Sperry Hickman, Independence, MO, on the brief), for appellant.
 John F. Suhre, Washington, MO, for amicus.
 J. Randall Coffey, Kansas City, MO, argued (John M. Edgar and Craig S. O'Dear, on the brief), for appellees.
 Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 HANSEN, Circuit Judge.
 
 
 1
 Robert E. Rinehart appeals the district court's order granting summary judgment on his age discrimination claims under the Age Discrimination in Employment Act and the Missouri Human Rights Act, and on his claim for retirement benefits under the Missouri Local Government Employees' Retirement System. Rinehart argues that in deciding his age discrimination claims, the district court erred by requiring him in this non-reduction-in-force case to show as part of his prima facie case either that he was replaced by someone outside the protected age class or that age was a determining factor in the termination decision. Rinehart also argues that the district court erred in granting summary judgment to the defendants on his claim for retirement benefits. We reverse in part, affirm in part, and remand.
 
 I.
 
 2
 Robert Rinehart served as the Chief of Police of Independence, Missouri, for 12 years before he was fired on April 7, 1992, at age 67. On August 11, 1992, he filed this action in the United States District Court for the Western District of Missouri against the City of Independence, Missouri; William Carpenter, the Mayor of Independence, Missouri; and Larry Kaufman, the Acting City Manager of Independence, Missouri (collectively "the defendants"), asserting four claims. In count I, Rinehart asserted unlawful age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621-634. In count II, he asserted the denial of due process and the violation of his First Amendment rights under 42 U.S.C. Sec. 1983. In count III, he asserted unlawful age discrimination under the Missouri Human Rights Act (MHRA), Mo.Ann.Stat. Secs. 213.010-213.137 (Vernon 1987). In count IV, he asserted that the City violated his right to benefits under the Local Government Employees Retirement System (LAGERS), Mo.Ann.Stat. Secs. 70.600-70.755 (Vernon 1987).
 
 
 3
 The defendants filed a motion for summary judgment on all four of Rinehart's claims. Rinehart filed a resistance and submitted a variety of factual materials in support of his resistance. On September 28, 1993, the district court granted the defendants' motions for summary judgment on all claims.
 
 
 4
 In addressing the age discrimination claims in counts I and III, the district court applied the now familiar burden-shifting analysis the Supreme Court laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which requires a plaintiff to first establish a prima facie case of unlawful employment discrimination. The district court found that to establish a prima facie case, Rinehart was required to show: "(1) he was within the protected age group; (2) he was performing his job at a level that met his employer's legitimate expectations; (3) he was discharged; (4) his employer attempted to replace him." Rinehart v. City of Independence, et al., No. 92-0728-CV-W-8, slip op. at 3 (W.D.Mo. Sept. 28, 1993) (quoting Radabaugh v. Zip Feed Mills, Inc., 997 F.2d 444, 448 (8th Cir.1993)) (other citation omitted). The district court also found that the fourth element of the prima facie case test required Rinehart to show either that he was replaced by someone outside the protected class or that age played a role in the decision to discharge him. Id. (citing Kehoe v. Anheuser-Busch, Inc., 995 F.2d 117, 119 (8th Cir.1993)).
 
 
 5
 The defendants admitted, for the purposes of the summary judgment motion on counts I and III, that Rinehart could satisfy the first three elements of a prima facie case. The only issue was whether Rinehart had made a sufficient showing to satisfy the fourth element of the prima facie case. The district court concluded that Rinehart had failed to make the necessary showing on the fourth element. The district court first found that Rinehart was not replaced by someone outside the protected class, which consists of workers aged 40 and older, because he was replaced by Shannon Craven, who was 48 years old. The district court then found that Rinehart could only establish a prima facie case by providing evidence that age was a factor in the decision to fire him. The district court concluded Rinehart had failed to produce any such evidence and granted summary judgment for the defendants on counts I and III.
 
 
 6
 The district court also granted summary judgment on counts II and IV. In count II, Rinehart alleged both a violation of his due process rights because he did not receive a post-termination hearing and a violation of his First Amendment rights. The district court found that the record indicated only that Rinehart's own actions were responsible for the failure to receive the post-termination hearing and that there were simply no grounds for a First Amendment claim. In count IV, Rinehart made a claim that his termination denied him the right to collect benefits to which he otherwise would have become entitled under LAGERS. After he was terminated, the City of Independence voted to reimburse current employees for certain LAGERS contributions they had made to the fund. Rinehart asserts a claim for the funds he would have received as reimbursement had he not been fired. The district court found that because he was not employed by the city at the time, he had no legal basis to support a claim for the reimbursement. Accordingly, the district court entered summary judgment against Rinehart on counts II and IV as well.
 
 
 7
 Rinehart appeals the district court's order to the extent it granted summary judgment on his age discrimination claims, counts I and III, and on his claim for LAGERS benefits, count IV. He does not appeal with respect to count II. The Equal Employment Opportunity Commission (EEOC) has filed an amicus brief on behalf of Rinehart which addresses the age discrimination claims.
 
 II.
 
 8
 A district court should grant summary judgment only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We review the district court's decision granting summary judgment de novo.
 
 A.
 
 9
 Rinehart first argues that the district court erred in granting summary judgment on his age discrimination claims under the ADEA and the MHRA.[1] The only issue in dispute on these age discrimination claims is whether the district court correctly stated and applied the fourth element of a prima facie case of age discrimination. The district court required Rinehart to show as the fourth element of his prima facie case either (1) that he was replaced by someone outside the protected class of workers aged 40 or older or (2) that age was a factor in the termination decision. Rinehart argues that a prima facie case of age discrimination in a non-reduction-in-force case does not require a showing of either one of those factors but requires a showing only that he was replaced by someone younger. Given the facts of this case, we agree.
 
 
 10
 We have specifically noted that "[a] plaintiff need not be replaced by a person outside the protected age group to make out a prima facie case under the ADEA; the plaintiff need only be replaced by a younger person." Hillebrand v. M-Tron Indus., Inc., 827 F.2d 363, 366 n. 6 (8th Cir.1987), cert. denied, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989). Moreover, we have consistently held in Title VII cases that proof that the plaintiff was replaced by a person outside the protected class is not required. Davenport v. Riverview Gardens Sch. Dist., 30 F.3d 940, 944-45 (8th Cir.1994); Williams v. Ford Motor Co., 14 F.3d 1305, 1308 (8th Cir.1994); Walker v. St. Anthony's Med. Ctr., 881 F.2d 554, 558 (8th Cir.1989). In both Davenport and Williams, we specifically found that the district court erroneously required the plaintiff to show he was replaced by someone outside the protected class in order to establish the fourth element of his prima facie case. Davenport, 30 F.3d at 944; Williams, 14 F.3d at 1308. While this evidence is probative of the ultimate issue of intent to discriminate, it is not a per se requirement, and thus it is not required to show a prima facie case. Davenport, 30 F.3d at 944; Williams, 14 F.3d at 1308. Because the prima facie case standards in Title VII cases and those in ADEA cases are substantially similar, see, e.g., Radabaugh, 997 F.2d at 448; Richmond v. Board of Regents of Univ. of Minn., 957 F.2d 595, 598 (8th Cir.1992) (applying same prima facie case for analyzing Title VII, ADEA, and other employment discrimination claims); see also Lorillard v. Pons, 434 U.S. 575, 584, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978) (noting Title VII and ADEA similar in both their aims and substantive provisions), we conclude that the rationale of the Title VII cases should extend to the present case as well. We conclude that the district court erred to the extent it required Rinehart to demonstrate as part of his prima facie case that his replacement came from outside the protected class of workers aged 40 or above.[2]
 
 
 11
 Similarly, we have never required plaintiffs bringing age discrimination claims to make as part of the fourth element of a prima facie case an "additional showing" that age was a factor in the termination decision other than in reduction-in-force cases. See, e.g., Bashara v. Black Hills Corp., 26 F.3d 820, 823 (8th Cir.1994); Nelson v. Boatmen's Bancshares, Inc., 26 F.3d 796, 800 (8th Cir.1994); Holley v. Sanyo Mfg., Inc., 771 F.2d 1161, 1165-66 (8th Cir.1985). In Bashara, we specifically stated:
 
 
 12
 In circumstances not involving a reduction in force, a plaintiff may make a prima facie case of age discrimination by establishing (1) that he is within the protected age group; (2) that he met applicable job qualifications; (3) that he was discharged; and (4) that, after his discharge, the position remained open and the employer sought applicants with similar qualifications to fill the position. See, e.g., Holley, 771 F.2d at 1165. In the context of a reduction in force, however, the fourth requirement creates difficulties. The plaintiff's position does not remain open; rather it is eliminated or combined with another position. Id. Accordingly, in Holley, we held that to establish a prima facie case in a reduction-of-force situation, the plaintiff must meet the first three requirements and " 'must come forward with additional ... evidence that age was a factor in his termination.' " Id. at 1166 (quoting LaGrant v. Gulf & Western Mfg. Co., 748 F.2d 1087, 1091 (6th Cir.1984)).
 
 
 13
 26 F.3d at 823. As Bashara demonstrates, we have limited this "additional showing" that age was a factor in the plaintiff's termination to cases involving a reduction in force. Because there is agreement that this is not a reduction-in-force case, we conclude that the district court erred by requiring Rinehart to make an additional showing that age was a factor in his termination as part of his prima facie case.
 
 
 14
 The defendants argue that the district court simply relied on Kehoe in stating the fourth element of the prima facie case and should be affirmed. In Kehoe, we stated the fourth element of the prima facie case as follows: "plaintiff must also either show that the employer assigned a non-member of the protected class to do the same work (a fact necessarily absent from this reduction-in-force case) or make 'some additional showing' that age played a role in the discharge." 995 F.2d at 119 (quoting Holley, 771 F.2d at 1165-66). The defendants acknowledge that Kehoe was a reduction-in-force case and that we stated the test in that context. They argue nonetheless that the statement of the test in Kehoe applies with full force in this non-reduction-in-force case. In particular, they argue that Kehoe establishes that the fourth element of the prima facie case includes a requirement that a non-member of the protected class replaced the fired worker from a protected class. The defendants rely on parenthetical language in Kehoe, where we stated that the replacement must come from outside the protected class and then parenthetically noted, "a fact necessarily absent from this reduction-in-force case." 995 F.2d at 119. The defendants assert that if replacement from outside the class is a requirement necessarily absent in a reduction-in-force case, then it must be meant to apply to non-reduction-in-force cases.
 
 
 15
 To the extent Kehoe, a reduction-in-force case, stated the test for non-reduction-in-force cases, we conclude that the statement is dicta which does not control in this case. Moreover, we do not believe the panel in Kehoe intended (without citation or discussion) to create a standard that is contrary to our observations in Hillebrand, 827 F.2d at 366 n. 6 ("plaintiff need not be replaced by a person outside the protected age group to make out a prima facie case under the ADEA"), and to our Title VII case law, see Williams, 14 F.3d at 1308, as well as to the position of the majority of the other circuits. Accordingly, we will not interpret Kehoe to create such a standard.
 
 
 16
 The defendants argue that even if Kehoe does not control, we still should affirm the district court's articulation of the fourth element of a prima facie case given the particular facts in this case. The defendants point out that the elements of a prima facie case are flexible and vary depending on the factual situation giving rise to the dispute. See, e.g., Johnson v. Minnesota Historical Soc., 931 F.2d 1239, 1242 (8th Cir.1991) (citing Halsell v. Kimberly-Clark Corp., 683 F.2d 285, 289 (8th Cir.1982), cert. denied, 459 U.S. 1205, 103 S.Ct. 1194, 75 L.Ed.2d 438 (1983)), and that the prima facie case should require plaintiffs to demonstrate that the adverse employment action occurred " 'under circumstances which gave rise to an inference of unlawful discrimination.' " Halsell, 683 F.2d at 289 (quoting Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 n. 6, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981)); Johnson, 931 F.2d at 1242 (quoting Halsell ). The defendants argue that if we reverse the district court and accept Rinehart's argument that the fourth element requires him to show only that a younger worker replaced him, Rinehart will be allowed to establish a prima facie case of age discrimination even though the fact that he was replaced by someone younger should not give rise to an "inference of unlawful discrimination" on the facts of this case. According to the defendants, those relevant facts requiring a greater showing include the fact that Rinehart was the oldest employee of the department, that all three of his logical replacements were younger, and that he was replaced by one of those younger people, Shannon Craven, whom Rinehart admits he would have chosen as his successor.
 
 
 17
 We are not persuaded that these facts require Rinehart to make a showing beyond our normal prima facie case requirements. The normal statement of the prima facie case is generally sufficient to raise:
 
 
 18
 an inference of discrimination only because we presume [the employers' decisions], if otherwise unexplained, are more likely than not based on the consideration of impermissible factors. And we are willing to presume this largely because we know from our experience that more often than not people do not act in a totally arbitrary manner, without any underlying reasons, especially in a business setting. Thus, when all legitimate reasons for [the discharge] have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts only with some reason, based his decision on an impermissible consideration....
 
 
 19
 Furnco Constr. Corp. v. Waters, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949-50, 57 L.Ed.2d 957 (1978) (emphasis added) (citation omitted). The only identifiable set of cases where we specifically have required a showing by plaintiff beyond the normal prima facie case are reduction-in-force cases. In those cases, we require plaintiffs to make a showing in addition to the normal prima facie case because the employer's reason for discharging the plaintiff is not "otherwise unexplained." The reduction-in-force is an objective, legitimate explanation of the employer's action which the plaintiff does not call into question by establishing a prima facie case under the regular standards. See Leichihman v. Pickwick Int'l, 814 F.2d 1263, 1270 (8th Cir.) (no adverse inference can be drawn in reduction-in-force case if we apply normal prima facie standards because the employer's action is readily explained by employer's economic hardship or downturn in business), cert. denied, 484 U.S. 855, 108 S.Ct. 161, 98 L.Ed.2d 116 (1987); see also Barnes, 896 F.2d at 1465 (in reduction-in-force case proving the normal elements of the prima facie case is not enough because no evidence presented under such test that the workforce reductions were not the reason for the adverse employment actions). Accordingly, we require an additional showing only where the objective factual record already contains a legitimate explanation for the employer's actions that is not accounted for when the plaintiff establishes a prima facie case under normal standards.
 
 
 20
 Here, we will not require Rinehart to make the additional showing the district court applied in this case, or any other additional showing, because the facts the defendants contend give rise to an additional showing do not provide any objective explanation for the employer's decision to discharge Rinehart. The facts on which the defendants rely do not even address the question of why the City decided to discharge him. Instead, those facts deal only with why the replacement was a logical choice to succeed plaintiff. Hence, the objective factual record does not provide an additional objective explanation for Rinehart's discharge that is not accounted for in the normal prima facie test.
 
 
 21
 The defendants also argue that policy considerations warrant affirming the district court's statement of the fourth element of the prima facie case. The defendants argue, for example, that requiring only that the replacement be younger would allow a 68-year-old plaintiff to establish a prima facie case of age discrimination even if that plaintiff was replaced by a 67-year-old worker, although no inference of age-based discrimination would be warranted. The defendants contend that the district court's articulation of the fourth element of the prima facie case is more appropriate because it would require a showing which, if satisfied, would raise an inference of age-based discrimination in all such cases.
 
 
 22
 We need not address the defendants' illustration because those facts are not before us. Rinehart was replaced by someone 19 years younger than he was, not someone a year younger. However, we believe that district courts faced with facts similar to those outlined in the defendants' hypothetical nonetheless would not need to require plaintiff to show that he or she was replaced by someone outside the protected class or to show that age was taken into consideration in the employment decision. Instead, district courts simply could require the plaintiff to show as the fourth element of a prima facie case that he or she "was replaced by a person sufficiently younger to permit an inference of age discrimination." Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir.1994) (citing Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir.1992)); see also Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1506 (5th Cir.1988) (plaintiff must show "he was replaced by a worker sufficiently younger in the context of his employment"). Requiring a showing that the replacement is "sufficiently younger" would require the plaintiff to raise an inference of discrimination and would be consistent with our previously stated requirement of the fourth element of the prima facie test.
 
 
 23
 We conclude that the district court erred in requiring Rinehart to demonstrate that he was replaced by someone outside the protected class or that age was a factor in the termination decision in order to make out a prima facie case of age discrimination. Because we reach that conclusion, we need not address his argument that he sufficiently demonstrated that age was a factor in the termination decision. Accordingly, we reverse the district court's order granting summary judgment on Rinehart's age discrimination claims and remand them to the district court for further proceedings.
 
 B.
 
 24
 Rinehart also argues that the district court erred in granting summary judgment on his claim in count IV for reimbursement of LAGERS payments he would have received had the City not terminated his employment. Rinehart has cited no authority to support his LAGERS claim in either this court or the district court. We have found no authority to support the claim. Accordingly, we conclude that the district court committed no error in dismissing this claim without prejudice to its use as an element of damages if liability is established on counts I or III.
 
 III.
 
 25
 We reverse the district court's grant of summary judgment on Rinehart's age discrimination claims and remand for proceedings consistent with this opinion. We affirm the district court's grant of summary judgment on Rinehart's claim for reimbursement of retirement benefits.
 
 
 
 *
 Loken, Judge, would grant the suggestion for rehearing en banc
 
 
 [1]
 The parties agree that the same analysis applies for age discrimination claims under both the ADEA and the MHRA. See Roberts v. Panhandle E. Pipeline Co., 763 F.Supp. 1043, 1050 (W.D.Mo.1991); Midstate Oil Co. v. Missouri Comm'n on Human Rts., 679 S.W.2d 842, 845-46 (Mo.1984) (en banc)
 
 
 [2]
 While there is a split of authority on this issue in the other circuits, our position appears to be consistent with the majority view. Compare Kralman v. Illinois Dep't of Veterans' Affairs, 23 F.3d 150, 155 (7th Cir.1994) (prima facie case of age discrimination does not require showing that replacement came from outside protected class--"[i]ndeed, it is considered 'hornbook law' that the ADEA action can be based on discrimination between older and younger members of the protected class"); Lowe v. Commack Union Free School Dist., 886 F.2d 1364, 1374 (2d Cir.1989) (noting in dicta that plaintiff in ADEA suit not precluded from prevailing when replacement is younger but within protected class), cert. denied, 494 U.S. 1026, 110 S.Ct. 1470, 108 L.Ed.2d 608 (1990); Freeman v. Package Mach. Corp., 865 F.2d 1331, 1335 n. 2 (1st Cir.1988) (replacement by younger person or one outside protected class "not an element of the plaintiff's prima facie case in an ADEA suit"); Maxfield v. Sinclair Int'l, 766 F.2d 788, 792 (3d Cir.1985) (to make a prima facie case "replacement need not be younger than 40, the age at which ADEA protection begins"), cert. denied, 474 U.S. 1057, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986); Douglas v. Anderson, 656 F.2d 528, 532-33 (9th Cir.1981) (replacement need not be within protected class to establish prima facie case on ADEA claim); with Mitchell v. Data General Corp., 12 F.3d 1310, 1315 (4th Cir.1993) (fourth element of prima facie case is that replacement comes from outside protected class); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 379 (6th Cir.1993) (same); Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1226 (11th Cir.1993) (third element of prima facie case is that replacement from outside protected class); see also Fields v. J.C. Penney Co., 968 F.2d 533, 536 & n. 2 (5th Cir.1992) (fourth element of prima facie case is either replacement is from outside protected class or replacement is younger or discharge was based on age). We note, however, that there is also contrary authority in the Fourth and Sixth Circuits, see Lovelace v. Sherwin-Williams, Co., 681 F.2d 230, 237-38 n. 5 (4th Cir.1982) (ADEA claim does not require proof that replacement came from outside class); Barnes v. GenCorp Inc., 896 F.2d 1457, 1466 (6th Cir.) (employer violates ADEA even if younger employee receiving favorable treatment is in protected class), cert. denied, 498 U.S. 878, 111 S.Ct. 211, 112 L.Ed.2d 171 (1990), and the Eleventh Circuit has specifically qualified this issue, see Carter v. City of Miami, 870 F.2d 578, 582 n. 11, 583 (11th Cir.1989) (noting that the third prong of prima facie case is flexible and inability to show replacement was outside the protected class not absolute bar to establishing prima facie case)