**Philip J. BURGESS, Plaintiff,**

v.

**A.M. MULTIGRAPHICS, A DIVISION, OF A.M. INTERNATIONAL, INC., a Delaware corporation, Defendant.**

**No. 4:95CV2106 TCM.**

United States District Court, E.D. Missouri, Eastern Division.

Feb. 13, 1997.

David M. Heimos, St. Louis, MO, for Plaintiff.

Robert J. Isaacson, Bearden and Breckenridge, St. Louis, MO and Susan M. Benton-Powers, Sonnenschein and Nath, Chicago, IL, for Defendant.

## MEMORANDUM AND ORDER

MUMMERT, United States Magistrate Judge.

This action is before the Court[1] on the motion of A.M. Multigraphics ("Defendant") for summary judgment in the two-count complaint filed by Philip J. Burgess ("Plaintiff") alleging that he was terminated from his job and not offered an alternative position be-

cause of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and the Missouri Human Rights Act ("MHRA"), Mo. Rev.Stat. §§ 213.010–.137. [Doc. 23]

### I. Background

The following facts are undisputed.

Defendant manufactures and distributes high speed offset duplicators and offset presses. (Pl.'s Ex. 29.) Plaintiff was hired as a branch sales manager for Defendant in 1985 by Andrew R. LePeilbet, who was then Defendant's district manager for Southern California. (Pl.'s Depo. at 51–57.) Plaintiff resigned in September 1988. He was hired again in May 1989, at the age of fifty-one years, as Defendant's regional manager for its Midwest region, an area including St. Louis and Kansas City, Missouri; Springfield, Illinois; and Omaha, Nebraska. (*Id.* at 59–72.)

Plaintiff became a district manager in 1991, with reduced responsibilities and with no responsibility for service. (*Id.* at 77–79.) He reported to Kent Bacon, the Central Regional Manager, who, in turn, reported directly to LePeilbet. (LePeilbet Depo. at 101–103; LePeilbet Aff. at ¶¶ 3 and 8.) The next year, Plaintiff's responsibilities were once again reduced. He lost responsibility for the Omaha and Kansas City areas. (Pl.'s Depo. at 100–101.) Richard Byerly, a sales representative, reported to Plaintiff, as did one other equipment sales representative, three sales representatives, and a supply sales representative, John Barton. (LePeilbet Aff. at ¶ 13.)

In 1994, Defendant reorganized. Positions were restructured, retitled, or eliminated. (LePeilbet Aff. at ¶ 4.) On July 8, Bacon recommended to LePeilbet that Larry Baughman, then forty-three years' old, be promoted to the newly-created position of field sales manager for the St. Louis area. (Pl.'s Ex. 17; Def.'s Ex. 6; LePeilbet Aff. at ¶ 11.) Plaintiff was terminated on July 29, as was Byerly. (Pl.'s Depo. at 184–185, 195–197; LePeilbet Aff. at ¶ 17.) Plaintiff was the only district manager terminated during

---

1. The case is before the undersigned United States Magistrate Judge for entry of final judgment pursuant to the written consent of the parties. *See* 28 U.S.C. § 636(c).

the 1994 restructuring. (LePeilbet Aff. at ¶ 6.) LePeilbet was then Vice–President in charge of United States operations, and was responsible for making the 1994 restructuring decisions. (*Id.* at ¶¶ 3 and 5.)

On August 7, 1994, an advertisement appeared in the St. Louis Post Dispatch for a sales representative opening in Defendant. Barton, then fifty-two years' old, assumed the responsibilities of Byerly's former sales position, and was ultimately promoted to a field sales manager after Plaintiff's dismissal. (Pl.'s Exs. 16 and 19; Pl.'s Depo. at 378–383.)

Many of the allegations relevant to a resolution of the pending motion are in dispute.

Defendant contends that the advertisement in the St. Louis Post–Dispatch for a sales position was placed in error. Plaintiff, on the other hand, has submitted the affidavits of two former employees of Defendant, each averring that the advertised sales position had the same job description as the sales position involuntarily vacated by Byerly. (Barton Aff. at ¶ 7; Warren Dalphus Aff. at ¶ 6.) Additionally, Plaintiff testified in his deposition that he was told by John Urban, another employee of Defendant, that Urban was not receiving a positive response to the August 7 advertisement and that only "rocket scientists" were applying for the job. (Pl.'s Depo. at 396–397.)

Plaintiff alleges that he requested a transfer to a sales position during his July 1994 meeting with LePeilbet, and that LePeilbet informed Plaintiff that such a move generally did not work out. (Pl.'s Depo. at 193–197, 385.) Plaintiff testified that he had three or four conversations with Bacon about transferring to a sales position, (*id.* at 387), and that LePeilbet told him that a regional sales manager had expressed an interest in Plaintiff, (*id.* at 193–194).

Plaintiff also alleges that both Bacon and LePeilbet made several statements reflecting an animus toward older employees. Specifically, LePeilbet allegedly stated during a February 1994 meeting on the reorganization that Defendant should protect the younger employees whose jobs have been eliminated. (Pl.'s Depo. at 444–457.) Plaintiff further testified that LePeilbet emphasized employ-

ees' youth and not their seniority with Defendant. (*Id.* at 452–456.) Barton and Plaintiff each have testified that Bacon regularly stated during the 1994 reorganization process that Defendant needed a younger and more aggressive sales force. (Pl.'s Depo. at 427–441; Barton Aff. at ¶ 9; Barton Depo. at 43–46.) Plaintiff also testified that Bacon made that statement at least "a thousand" times during Plaintiff's employment with Defendant. (Pl.'s Depo. at 457.)

Defendant contends that Plaintiff's sales performance in the St. Louis area was below expectations. (LePeilbet Aff. at ¶¶ 9 and 16.) Plaintiff counters that he was performing his job satisfactorily, noting the various rankings of his region in terms of profit and the awards he received for his performance.

## II. Discussion

**A. Standard for Review.** Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if it has a real basis in the record; and, a genuine issue of fact is material if it "might affect the outcome of the suit under the governing law." *Hartnagel v. Norman,* 953 F.2d 394, 395 (8th Cir.1992) (citations omitted). This Court determines whether there is a genuine issue of material fact based upon the pleadings, depositions, answers to interrogatories, and admissions of file, together with any affidavits. Fed. R.Civ.P. 56(c). *See also Munz v. Michael,* 28 F.3d 795, 798 (8th Cir.1994) (quoting *Cole v. Bone,* 993 F.2d 1328, 1331 (8th Cir.1993)).

The initial burden is on the moving party to clearly establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.,* 838 F.2d 268, 273 (8th Cir.1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89

L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). All disputed facts are to be resolved, and all inferences are to be drawn, in favor of the nonmoving party. *Kopp v. Samaritan Health System, Inc.,* 13 F.3d 264, 269 (8th Cir.1993). Neither the weighing of evidence nor the assessment of credibility is appropriate at the summary judgment stage. *Grossman v. Dillard Dep't Stores, Inc.,* 47 F.3d 969, 971 (8th Cir.1995).

Summary judgment should seldom be used, however, in cases alleging employment discrimination. *Hardin v. Hussmann Corp.,* 45 F.3d 262, 264 (8th Cir.1995); *Crawford v. Runyon,* 37 F.3d 1338,1341 (8th Cir.1994); *Johnson v. Minnesota Historical Society,* 931 F.2d 1239, 1244 (8th Cir.1991). Summary judgment is appropriate in employment discrimination cases only in those rare instances where there is no dispute of fact and where there exists only one conclusion. *Crawford,* 37 F.3d at 1341; *Johnson,* 931 F.2d at 1244; *Hillebrand v. M–Tron Indus., Inc.,* 827 F.2d 363, 364 (8th Cir.1987), *cert. denied,* 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989). Summary judgment is not appropriate unless all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. *Hardin,* 45 F.3d at 262; *Crawford,* 37 F.3d at 1341; *Johnson,* 931 F.2d at 1241 (citing *Holley v. Sanyo Mfg. Inc.,* 771 F.2d 1161, 1164 (8th Cir.1985)).

**B. The ADEA.** The ADEA forbids an employer from taking an adverse action against an employee within the protected age group of 40 years old and over because of the employee's age. *Bashara v. Black Hills Corp.,* 26 F.3d 820, 823 (8th Cir.1994) (citing 29 U.S.C. §§ 623(a)(1), 631(a)); *Kehoe v. Anheuser–Busch, Inc.,* 995 F.2d 117, 118 (8th Cir.1993) (*Kehoe I*); *Bethea v. Levi Strauss & Co.,* 827 F.2d 355, 357 (8th Cir.1987). The ADEA does not, however, "protect against the imposition of any employment hardship on those over the age of 40." *Bradford v. Norfolk Southern Corp.,* 54 F.3d 1412, 1421 (8th Cir.1995).

Age discrimination may by proved by direct evidence. *Bashara,* 26 F.3d at 823; *Aucutt v. Six Flags Over Mid–America, Inc.,* 869 F.Supp. 736, 739 (E.D.Mo.1994), *aff'd,* 85 F.3d 1311 (8th Cir.1996). It is difficult, however, to prove discrimination by direct evidence. *Haglof v. Northwest Rehabilitation, Inc.,* 910 F.2d 492, 493 (8th Cir.1990) (citing *United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 716, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983)). The plaintiff therefore is allowed to benefit from an inference of discrimination by establishing a prima facie case. *Id.*

To establish a prima facie case on his claim that Defendant unlawfully discriminated against him because of his age, Plaintiff must show (1) he is within the protected age group; (2) he was performing his job at a level that met Defendant's legitimate expectations; (3) he was terminated; and (4) he was replaced with a significantly younger person. *See Hopper v. Hallmark Cards,* 87 F.3d 983, 988 (8th Cir.1996), In cases of a reduction in force, the fourth factor—an attempted replacement of the discharged employee—is not present, and an additional showing that age was a factor in the discharge is necessary to establish a prima facie case. *See Hutson v. McDonnell Douglas Corp.,* 63 F.3d 771, 776 (8th Cir.1995); *Hardin v. Hussmann Corp.,* 45 F.3d 262, 264 (8th Cir.1995); *Bashara* 26 F.3d at 823. The "additional showing" element may take the form of direct evidence, statistical evidence, or circumstantial evidence. *Holley,* 771 F.2d at 1166.

Statements by decision makers clearly showing that age was a motivating factor in the employment decision are direct evidence of discrimination. *See Aucutt,* 869 F.Supp. at 739. *See also Brown v. Stites Concrete, Inc.,* 994 F.2d 553, 564 (8th Cir. 1993) (en banc) (testimony that owner discussed plaintiff's age was sufficient evidence for jury to reasonably find that age was factor in discharge decision). Not all comments reflecting a discriminatory attitude support an inference of illegal discrimination. *See Radabaugh v. Zip Feed Mills, Inc.,* 997

F.2d 444, 449 (8th Cir.1993). "[C]omments which demonstrate a discriminatory animus in the decisional process or those uttered by individuals closely involved in employment decisions [are to be distinguished] from stray remarks in the workplace, statements by nondecision makers, or statements by decision makers unrelated to the decisional process." *Id.* (internal quotations omitted). "Stray remarks"[2] are those made by decision makers or non-decision makers that are unrelated to the decision making process. *See Beshears v. Asbill,* 930 F.2d 1348, 1354 (8th Cir.1991). To determine whether a comment falls within the "stray remark doctrine," courts generally look to tile causal relationship between the remarks and the decisional process, the age-based substance of the comments, the specificity of the comments with regard to the actual employment decision at issue, the position of the individual making the discriminatory comment, and the remoteness in time to the employment decision. *See Hutson,* 63 F.3d at 779; *Holmes v. Marriott Corp.,* 831 F.Supp. 691, 704–705 (S.D.IA.1993). *See also Aucutt v. Six Flags Over Mid–America, Inc.,* 85 F.3d 1311, 1315–16 (8th Cir.1996) (alleged discriminatory remarks made fourteen months before plaintiff was fired were properly disregarded).

■ Plaintiff "does not question the propriety of Defendant's decision to implement a large-scale reduction in force," but does challenge Defendant's decision that his termination was to be part of that reduction and that he was not to be offered another position. (Pl.'s Mem. at 11.) Plaintiff contends that the two adverse decisions were based on his age. Defendant argues that its decisions were made based on (a) Plaintiff's poor sales performance in the St. Louis area; (b) the lack of any openings in the St. Louis area; and (c) Plaintiff's lack of seniority among the district managers.

There is a genuine dispute about the quality of Plaintiff's job performance. In support of his contention that he met Defendant's qualifications for both the job he was terminated from and the job he was not offered, Plaintiff has cited the performance of his region and awards he was given. Although Defendant counters with various unfavorable rankings of Plaintiff's job performance, its submission does not sufficiently resolve the dispute about that performance.

The parties also dispute whether Plaintiff has established that there was an available position which he was barred from because of his age. *See Serben v. Inter–City Mfg. Co., Inc.,* 36 F.3d 765, 766 (8th Cir.1994) (refusal to accept plaintiff's offer to work in a lower paid sales representative position does not show age discrimination when no such position was available when plaintiff was terminated). Defendant does not dispute that an advertisement for a sales representative was published in the St. Louis Post–Dispatch on August 7, 1994, but argues that the advertised sales position was "nonexistent." Plaintiff disagrees, and cites comments made to him by an employee of Defendant indicating that Defendant was dissatisfied with the people who applied for the job, and also cites the two affidavits of former employees averring that the advertisement described the sales position vacated by Byerly.[3] Additionally, Plaintiff testified that he asked LePeilbet about transferring to a sales position and that LePeilbet commented that that type of move ordinarily did not "work out," but did not deny the availability of any sales position. Defendant counters that, even if the advertised job existed, Plaintiff did not apply for the position.[4] Plaintiff, on the other hand, has testified that he informed Bacon three or four times that he was interested in moving into sales.

Plaintiff further argues that he should have been considered for the field sales man-

---

**2.** The "stray remark" doctrine has its origins in *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).

**3.** Barton assumed the responsibilities of the sales position vacated by Byerly.

**4.** Defendant characterizes the issue about the advertised sales a "red herring" based on the testimony of its former vice-president, LePeilbet. (Def.'s Mem. at 9.) The Court notes, however, that Defendant specifically declined in its responses to Plaintiff's First Request for Admissions to either admit or deny that it placed the advertisement.

ager position filled in the fall of 1994 by Baughman. (*See* LePeilbet Aff. at ¶ 20.) Baughman, not Plaintiff, was recommended for that position by Bacon in July 1994. (Pl.'s Ex. 17; Def.'s Ex. 6; LePeilbet Aff. at ¶¶ 11 and 12.)

Defendant contends that the field sales manager position was not open when Plaintiff was terminated, citing Barton's deposition. (*See* Barton Depo. at ¶ 13–15; 22–23.) Barton testified that he began reporting to Baughman in July and August 1994, after Plaintiff was terminated, and that strategy meetings with Baughman began "I don't remember ... I'm thinking September." (Barton Depo. at 14, 22–23.) In his affidavit, Barton simply averred that Baughman became the field sales manager in St. Louis "shortly after" Plaintiff was terminated. (Barton Aff. at ¶ 6.)

■ Although it is usually necessary for a plaintiff to show that he applied for an available position, that element of the prima facie case will be excused in cases where the plaintiff has demonstrated that the "employer 'had some reason or duty to consider him for the position,'" *Kehoe v. Anheuser–Busch, Inc.,* 96 F.3d 1095, 1105 n. 13 (8th Cir.1996) (*Kehoe II* ), or where "'the plaintiff made every reasonable attempt to convey his interest in the job to the employer,'" *Chambers v. Wynne School Dist.,* 909 F.2d 1214, 1217 (8th Cir.1990) (quoting *EEOC v. Metal Service Co.,* 892 F.2d 341, 348 (3rd Cir.1990)).

Plaintiff has established, with the above-described testimony and affidavits, a genuine dispute as to whether there was an available position for which the Defendant should have considered him as a candidate.[5]

■ If there was an available position, the issue of who it was filled by becomes important. Byerly's duties were assumed by Barton, who was fifty-two years of age, compared to Plaintiff's fifty-six years. The field sales manager position was filled by Baugh-

man, forty-three years of age. "The fact that one person in the protected class has lost out to another person in the protected class is ... irrelevant, so long as he has lost out because of his age." *O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 312, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996). An inference of age discrimination cannot be drawn, however, when the replacement employee is "insignificantly" younger. *Id.* There is no bright line test, the Supreme Court field, instead it should be recognized that a prima facie case requires "evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion." *Id.* (quoting *Teamsters v. U.S.,* 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977)). In a reduction in force case, an inference of discrimination is not created merely by the replacement of the plaintiff with a younger person. *See Holley,* 771 F.2d at 1167. However, even assuming that this is a reduction in force case, there is additional evidence of an age-based animus. *See Estes v. Dick Smith Ford, Inc.,* 856 F.2d 1097, 1101 (8th Cir.1988) (evidence that defendant fired other older workers and retained and hired younger workers, combined with evidence that defendant changed explanation for plaintiff's termination from reduction in force to poor job performance, was sufficient to create triable issue of fact).

Plaintiff specifically alleges that (i) Defendant failed to transfer him to a sales representative position vacated by Byerly and ultimately filled by Barton, then fifty-two years' old, or to a new field sales manager position ultimately filled by Baughman, then forty-three years' old, although Bacon and LePeilbet were aware of his interest in the positions, and (ii) Bacon, who was involved in the decision-making process and who reported directly to LePeilbet, and LePeilbet made various comments and statements reflecting an animus toward older employees during

---

5. Whether there was an available position for which Plaintiff was qualified at the time of his termination is a crucial question. In reduction-in-force cases where the alleged job vacancies do not exist at the time of the termination of one in the protected age group, filling subsequent vacancies with younger employees is not evidence

of discrimination, nor is an employer required to create new positions or fire younger employees to accommodate employees in the protected age group. *See Holley,* 771 F.2d at 1167; *Barnes v. Southwest Forest Indus., Inc.,* 814 F.2d 607, 610 (11th Cir.1987). *See also Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1083 (11th Cir.1990).

the restructuring process. Plaintiff argues that these allegations create the "additional showing" that Plaintiff was discharged because of his age. The comments described by Plaintiff arguably demonstrate an age-based animus. And, although Bacon's personnel recommendations may not have been routinely adopted, Bacon was clearly involved and consulted in the decision-making. Moreover, there is evidence that two positions were available at or near the time of Plaintiff's termination, and that those positions were ultimately filled by younger workers.

Accordingly, the Court finds there to be a genuine issue of material fact whether Plaintiff would have been terminated as part of the reduction in force but for his age. *See, e.g., Radabaugh,* 997 F.2d at 448 (defendant's president's (i) repeated statements that the company was "young, mean and lean"; (ii) statement, made some time after plaintiff's discharge, that plaintiff "might want to consider retiring"; and (iii) statement that plaintiff "should have seen this coming when the [twenty six year old] nutritionist was hired," reflected a discriminatory attitude); *Kehoe I,* 995 F.2d at 119–120 (defendant's senior manager's reference to older co-workers as "moochers" and affidavit of employees averring that they interpreted that term to refer to retired employees were sufficient to defeat summary judgment); *Blake v. J.C. Penney Co., Inc.,* 894 F.2d 274, 276–278 (8th Cir. 1990) (defendant's tolerance of employee's statements that plaintiff was a "senile old woman" and "a senile old thing" was indicative of an age-based animus). *But cf. Guthrie v. Tifco Indus.,* 941 F.2d 374, 378–379 (5th Cir.1991) (comment by president of corporation that his successor-son would "need to surround himself with people his age" was vague and remote in time to plaintiff's dismissal and was, consequently, a "stray remark"); *Merrick v. Farmers Ins. Group,* 892 F.2d 1434, 1438–39 (9th Cir.1990) (decision-maker's remark that he chose someone other than plaintiff because the other individual was "a bright, intelligent, knowledgeable young man" was "stray remark").

Plaintiff has responded to Defendant's motion for summary judgment with evidence from which a trier of fact could infer that when Defendant had Barton assume Byerly's former duties only after it was unable to fill Byerly's vacated sales position with an appropriate candidate and that there was a field sales manager position available at the time of Plaintiff's termination. This is sufficient, on the basis of the record now before the Court, to defeat summary judgment on Plaintiff's ADEA claim.

**C. The MHRA.** The same analysis is employed under both the ADEA and the MHRA. *See Kehoe II,* 96 F.3d at 1101 n. 8; *Garner v. Arvin Indus., Inc.,* 77 F.3d 255, 257 n. 2 (8th Cir.1996); *Rinehart v. City of Independence, Mo.,* 35 F.3d 1263, 1265 n. 1 (8th Cir.1994). Thus, for the reasons set forth in section B, supra, Defendant's motion for summary judgment on Plaintiff's MHRA claim must also fail.

### III. Conclusion

Based on the record now before the Court, a genuine issue of material fact remains whether, because of his age, Plaintiff's employment with Defendant was terminated as a result of a reduction in force rather than Plaintiff being offered another position.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **DENIED.** [Doc. 23]