**M. SLADE, Plaintiff–Appellant,**

v.

**Leroy BACA, et al., Defendants– Appellees.**

No. 02–56359.

D.C. No. CV–01–08245 RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2003.

Decided July 8, 2003.

Before THOMAS and PAEZ, Circuit Judges, and REED,* District Judge.

## MEMORANDUM**

Appellant M. Slade ("Slade") filed this 42 U.S.C. § 1983 action against Sheriff Leroy Baca ("Baca") on September 24, 2001, alleging that while detained in the Los Angeles County Sheriff's detention facility in March 2000, he was beaten by fellow inmates and subsequently not given adequate medical treatment. Slade appeals the district court's order granting summary judgment in favor of Baca on the basis that the action was filed outside the applicable one-year statute of limitations period and was, therefore, untimely. The parties are familiar with the facts such that we need not repeat them. We have jurisdiction under 28 U.S.C. § 1291 and we reverse.

█ The statute of limitations period for actions brought under 42 U.S.C. § 1983 is determined by the state's law for personal injury claims. *Azer v. Connell,* 306 F.3d 930, 935 (9th Cir.2002). When this lawsuit was filed, California had a one-year statute of limitations period for such actions. Cal. Civ.Proc.Code § 340. Because we also borrow California's tolling rules for § 1983 actions, *Azer,* 306 F.3d at 936, we apply California's provision that tolls the limitations period for prisoners until the date they are released from custody. Cal.Civ. Proc.Code § 352.1(a). Therefore, the limitations period commenced on the date that Slade was released from jail.

We review a grant of summary judgment de novo. *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002).

█ The district court accepted Baca's argument that because Slade was released from jail on September 17, 2000, the one-year limitations period had run by the time he filed this action on September 24, 2001. In support, Baca submitted a declaration of Greg Sivard, a Los Angeles County Sheriff's Department employee, which stated that he "processed and released" Slade from custody on September 17, 2000. Sivard stated that he had stamped Slade's release date on the cover of the booking jacket, which was the common practice of the sheriff's department. Baca also submitted a copy of the booking jacket, reflecting September 17, 2000, as the release date.[1]

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although the district court accepted that, based on this evidence, Baca had met his burden to show that judgment in his favor was appropriate, we find Sivard's statements a bit suspect. While Sivard attested that he "released" Slade on September 17, 2000, there is no explanation as to whether "release" meant that Slade was physically released from custody. As we described in *Brass v. County of Los Angeles,* 328 F.3d 1192, 1198–99 (9th Cir.2003), once an inmate in the Los Angeles County Sheriff's Department is ordered released, it generally takes "twenty-four to forty-eight hours" before the inmate is physically released, due to the voluminous amount of cases and the comprehensive procedures that are followed. That Slade was allegedly "processed and released" on September 17, 2000, therefore, does not necessarily mean that Slade was released from custody on that date.

Finding Slade's two paragraph declaration, in which he stated he "was imprisoned on a criminal charge by the County of Los Angeles from the time of the underlying incident in this case in March 2000 to, I believe, September 24, 2000" conclusory, the district court held Slade failed to create a genuine issue of material fact as to his release date and granted summary judgment accordingly.

Federal Rule of Civil Procedure 56(e) requires that opposing affidavits be based on personal knowledge and set forth specific facts that are admissible in evidence. *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir.1995). When the nonmoving party to a motion for summary judgment submits proper affidavits by individuals with personal knowledge and other cognizable and significantly probative evidence, such that a reasonable juror drawing all inferences in favor of the respondent could return a verdict in the respondent's favor, the district court must treat that fact as genuinely at issue. *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir.1999).

However, when the nonmoving party relies only on its own declarations to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir.1993). While mere denials are conclusory and fail to create an issue of fact, *id.*, a statement that does include specific facts does not fall in this category. *See Shumway*, 199 F.3d at 1104 (rejecting district court's finding that affidavit was conclusory where it contained a number of material facts).

Slade's statement, that he "was imprisoned ... from ... March 2000 to, I believe, September 24, 2000," was not conclusory because the statement included factual data, i.e., the specific dates. It was not a conclusory allegation just because it mirrored allegations in the complaint. Had Slade stated "I was incarcerated until September 24, 2000," there would be no question but that it would qualify as an affirmative statement of fact. That Slade "believed" the facts he declared does not take away from this conclusion. *Kehoe v. Anheuser–Busch, Inc.*, 995 F.2d 117, 119 n. 3 (8th Cir.1993). Moreover, stating "I believe" before asserting a fact could simply be a form of expression. To unilaterally attach legal significance to the term, transforming it into an inadmissible "conclusory" allegation, could surely lead to unjust results. Accordingly, the district court erred in holding that the statement was conclusory.

Although the statement was not conclusory, it could still be found insufficient to create a genuine issue of material fact if it was one based on information and belief, rather than on personal knowledge. *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827, 831, 70 S.Ct. 894, 94 L.Ed. 1312 (1950) (facts alleged on "information and belief" are not sufficient to create a genuine issue of fact); *Jameson v. Jameson*, 176 F.2d 58, 60 (D.C.Cir. 1949) ("Belief, no matter how sincere, is not equivalent to knowledge.").

Courts that find declarations insufficient because they are based on information and belief, however, generally do so because such declarations bear no indicia of personal knowledge. *See, e.g., Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412–13 (9th Cir.1995) (declaration made by opposing counsel found to be based on information and belief, and therefore insufficient, because there were no facts to establish personal knowledge); *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991) (declarant stating "I believe" insufficient when speculating as to motivations behind industry decisions insufficient to

show antitrust injury); *Cermetek, Inc. v. Butler Avpak, Inc.*, 573 F.2d 1370, 1377 (9th Cir.1978) (using prefaces such as "I believe" when declarant gave a legal opinion or predicted the future insufficient); *cf. Pace v. Capobianco*, 283 F.3d 1275, 1279 (11th Cir.2002) (a declarant's "belief" that he observed the plaintiff "raising his hands towards the roof of his car in an attempt to surrender" failed to raise an issue of material fact in an excessive force case).

Therefore, use of the magic words "I believe" is not what renders a statement insufficient. Instead, the mark of insufficiency becomes visible when a statement lacks the requisite proof of personal knowledge. In this case, however, the statement suffers from no such deficiency. Personal knowledge can be easily inferred from the fact that Slade was presumably a percipient witness to his release. *In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir.2000) (personal knowledge may be inferred from the declarant's position).

Because Slade's statement that he was incarcerated from "March 2000 to, I believe, September 24, 2000," satisfies Rule 56(e)'s personal knowledge requirement, the district court erred in failing to treat the fact of Slade's release date as genuinely at issue. *Shumway*, 199 F.3d at 1104.

In view of our decision that the district court erred in granting summary judgment on this basis, we need not reach Slade's alternative argument that California's newly enacted two-year statute of limitations period for § 1983 actions should be applied retroactively to him.

**REVERSED AND REMANDED.**

THOMAS, Circuit Judge, dissenting.

I respectfully dissent. Given the state of the record before us, I cannot conclude that the petitioner has demonstrated a triable issue of fact. Therefore, I would affirm the district court.

Faced with a motion for summary judgment, the non-moving party "may not rest upon mere allegations or denials" but must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The mere presence of a specific fact does not transform a conclusory statement into this sort of evidence. Rather, the evidence must be "such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the evidence is "merely colorable," or is not "significantly probative," summary judgment may be granted. *Id.* at 249–50. In other words, the non-moving party must produce "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

Here, the critical question is the date upon which Slade was released from custody. In order to establish Slade's date of release from prison, the Sheriff's Department submitted a copy of the booking jacket, which bore a large "Released" stamp, a date of "9–17–00" and a signature by Greg Sivard, the official responsible for "releas[ing] inmates from custody." Sivard submitted an affidavit declaring that "on September 17, 2000, I processed and released plaintiff, Melvin Lewis Slade, from the custody of the Los Angeles County Sheriff's Department." Sivard also declared that "[o]n September 17, 2000, while processing plaintiff's release, I stamped 'Released' on the cover of the booking jacket and signed and dated the jacket, recording the date I released plaintiff from custody." In short, Sivard explicitly stated that he was responsible for releasing

inmates "from custody" and twice declared that he released Slade "from custody" on September 17. Thus, the respondents tendered credible evidence, buttressed by documentary support, that Slade was "released from custody" on that date.

The petitioner's response merely states that he believes he was released from custody on a different date. This conclusion is not supported by any additional factual context, such as was present in *Brass v. County of Los Angeles,* 328 F.3d 1192, 1198–99 (9th Cir.2003). The mere conclusory recitation of dates based upon personal belief without any additional supporting facts is not evidence "such that a reasonable jury could return a verdict for the non-moving party." Therefore, I would affirm the judgment of the district court.