Sharon KINKEAD, Plaintiff–Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant–Appellee.

No. 94–2922.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1995.

Decided March 8, 1995.

Gregory G. Fenlon, St. Louis, MO, argued, for appellant.

Christian A. Bourgeacq, St. Louis, MO, argued, for appellee.

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and JONES,[*] District Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Sharon Kinkead appeals the district court's [1] grant of summary judgment in favor of Southwestern Bell Telephone Company in a wrongful discharge action in which she alleged that her employment was terminated in order to deny disability benefits in violation of § 510 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1140. She further contests the district court's denial of her requests to compel discovery and to amend her complaint. We affirm.

## I.

Kinkead worked as a system specialist at Southwestern Bell for 23 years prior to her termination on October 12, 1989. In the

---

[*] The HONORABLE JOHN B. JONES, Senior District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri, Eastern Division.

seven years prior to her discharge, she was absent from work nearly 50 percent of the time. Documentary evidence submitted by Southwestern Bell reflects that she was repeatedly counseled regarding poor attendance and job performance.

After Kinkead injured her back in a June 1989 automobile accident, she applied for and received benefits from the Southwestern Bell Corporation Sickness and Accident Disability Benefit Plan, which requires proof of disability. Her orthopedist released her to return to work on September 11, 1989, but Kinkead chose instead to take vacation time until September 19, 1989. On that date, she informed her supervisor that she would not return to work because she had broken her toe and because her back continued to bother her.

Lacking medical evidence of Kinkead's claimed disability, Southwestern Bell terminated benefits as of September 19, 1989, and informed Kinkead that she was expected to return to work on October 9, 1989. Southwestern Bell received letters dated October 4, 1989, from two physicians stating that Kinkead suffered from, among other things, lower back pain, colitis, degenerative joint disease, and severe headaches. The general medical advisor to the benefits committee, however, determined that no evidence supported the claimed medical disability. Kinkead did not return to work and was discharged upon the recommendation of her supervisor.

Two months after Kinkead's termination for poor attendance and poor job performance, Southwestern Bell's benefits committee met to consider her claim. The committee determined that she was not entitled to disability benefits for the period beginning September 19, 1989. Kinkead was notified of this decision and informed of her right to appeal, but did not seek further review of her claim.

## II.

■ We review the district court's grant of summary judgment in favor of Southwestern Bell de novo. *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir.1993). According to § 510 of ERISA, an employer may not discharge a participant "for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. Claims under this section are analyzed using the three-stage framework common to Title VII and ADEA cases. *Rath v. Selection Research, Inc.,* 978 F.2d 1087, 1089 (8th Cir.1992). If the claimant is able to establish a prima facie case of a violation of § 510, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. If the employer does so, the burden shifts back to the claimant to prove that the proffered reason is pretextual. *Id.* at 1089–90.

### A.

■ To establish a prima facie case of retaliation under § 510 of ERISA, a claimant must demonstrate the existence of a causal connection between participation in a statutorily protected activity and an adverse employment action. This connection may be based upon circumstantial evidence regarding the employer's intent, such as proof that a discharge followed an exercise of protected rights so closely in time as to justify an inference of retaliatory motive. *Id; see also McGann v. H & H Music Co.,* 946 F.2d 401, 404 (5th Cir.1991). On one reasonable characterization of the facts, Kinkead's application for continuing benefits was completed only about a week before she was fired. This close temporal nexus between Kinkead's exercise of her rights and the termination of her employment might well, under our cases, give rise to a reasonable inference of retaliatory motive.

■ Even if this showing is sufficient, however, Southwestern Bell provided the trial court with overwhelming evidence of a legitimate, nondiscriminatory reason for her termination, namely the excessive absenteeism that predated her disability. In the seven years prior to Kinkead's discharge, she was absent nearly 50 percent of the time. Kinkead offers no direct evidence, moreover, that her supervisor predicated his decision upon her recent exercise of rights under the

benefit plan. Given the state of the present record, no reasonable fact-finder could conclude that Kinkead has demonstrated that Southwestern Bell's justification for her termination was pretextual.

### B.

Similarly, to establish a prima facie case of deliberate interference with prospective benefits under § 510, a claimant must demonstrate a causal connection between the likelihood of future benefits and an adverse employment action. While Kinkead's supervisor was aware of her claims of continuing medical disability, § 510 of ERISA does not prohibit firing an employee who becomes less productive because of an illness or disability. *Prochotsky v. Baker & McKenzie*, 1990 WL 16228, at *6, 1990 U.S.Dist. LEXIS 1532, at *16 (N.D.Ill. February 13, 1990). Kinkead has presented no evidence that her termination was motivated by a desire to prevent her application for additional disability benefits. Thus she failed to establish even a prima facie case of interference with the attainment of additional benefits.

After reviewing the claims in the light most favorable to Kinkead, we conclude that the district court correctly granted summary judgment in favor of Southwestern Bell pursuant to Fed.R.Civ.P. 56(c).

### III.

The district court's denial of permission to amend a complaint is reviewed for abuse of discretion. *Lee v. Armontrout*, 991 F.2d at 489. Although such amendment is normally permitted, the passage of nearly two years between the filing of the complaint and the motion to amend suggests that the delay and prejudice to Southwestern Bell outweighed Kinkead's interests. *See, Thompson–El v. Jones*, 876 F.2d 66, 67 (8th Cir.1989). Kinkead, moreover, sought not to modify her § 510 ERISA claim, but rather to add new claims and an additional party. Rather than allowing Kinkead to restructure her case, the district court properly denied leave to amend and acted upon Southwestern Bell's pendent motion for summary judgment.

### IV.

The standard for review of the district court's refusal to compel discovery is one of gross abuse of discretion. *Lee v. Armontrout*, 991 F.2d at 489. Kinkead claims that Southwestern Bell frustrated discovery by withholding the full text of certain benefit plans until shortly prior to trial. Not only had Kinkead received summary texts of all relevant benefit plans nearly two years earlier, however, but she also failed to show that the texts were relevant to her § 510 claim. *See Willmar Poultry Co. v. Morton–Norwich Prods.*, 520 F.2d 289, 297 (8th Cir. 1975), *cert. denied*, 424 U.S. 915, 96 S.Ct. 1116, 47 L.Ed.2d 320 (1976) (stating that a discovery motion cannot be used to postpone summary judgment without some showing of relevance). Thus the district court properly denied Kinkead's motions to compel discovery.

### V.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Southwestern Bell.