**Ronald S. WILSON, Appellant,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellee.**

No. 94–3809.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1995.

Decided Aug. 7, 1995.

---

Samuel H. Lieberman, Clayton, MO, argued (Burton W. Newman, on the brief), for appellant.

Thomas B. Weaver, St. Louis, MO, argued (Zoan Z. Cohen and Timothy K. Kellert, on the brief), for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

HENLEY, Senior Circuit Judge.

Ronald S. Wilson appeals from a judgment of the district court[1] granting summary judgment in favor of International Business Machines Corporation (IBM) on his age and handicap discrimination claims. We affirm.

## BACKGROUND

Wilson had worked for IBM for about twenty years when he was terminated on July 18, 1990. At that time he was 52 years old and worked as a customer service representative under the supervision of Basheer Alim. As part of his duties, Wilson went to businesses to repair typewriters and was required to record his work location and time on a Quality Service Activity Report (QSAR). On April 20, 1990, Wilson signed a conditions of employment letter in which he acknowledged that Alim had spoken with him on April 9 about the integrity of his QSARs. Wilson agreed that the reports had to accurately reflect actual activity and that failure to comply with the conditions set forth in the

1. Pursuant to 28 U.S.C. § 636(c), the parties consented to entry of final judgment by The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri.

letter would "result in termination of [his] employment with IBM."

After the letter, Alim received several customer complaints about Wilson, including a complaint from Continental Can that Wilson had refused to come to the company to repair a typewriter, but instead unsuccessfully had attempted to instruct one of the company's employees to install a part. Alim reviewed Wilson's QSARs, which showed that he had gone to the company on the day in question and had repaired the machine. On July 18, Alim and his supervisor, Bernie DiMauro, terminated Wilson.

In July 1992, Wilson filed the present action alleging that IBM had discriminated against him because of his age by denying him training, giving him added responsibilities, and terminating him, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34. He also alleged handicap discrimination because of spondylolisthesis, in violation of the Missouri Human Rights Act, Mo.Rev.Stat. § 213.055. In April 1993, IBM served Wilson with interrogatories and a request for production of documents and in October 1993 deposed him. In his deposition, Wilson admitted that he had never heard Alim make an age-based discriminatory statement, knew of no other evidence that led him to believe that Alim or DiMauro had discriminated against him on the basis of age, and did not recall the names of younger employees who were given training he alleged he did not receive. As to his handicap claim, Wilson expressed his belief that he was terminated because of his medical bills, but admitted he could not prove it. He also acknowledged that his condition did not prevent him from doing his job and had never requested an accommodation because of his condition. He, however, noted he had taken sick leaves because of foot and back operations and claimed that at the time of his termination DiMauro did not want to hear about his physical condition.

On March 10, 1994, IBM filed a motion for summary judgment, asserting that Wilson had failed to establish prima facie cases of age and handicap discrimination, and in support filed Alim's affidavit, the conditions of employment letter, and Wilson's deposition.

On May 10, Wilson opposed IBM's motion for summary judgment and filed his affidavit in support. In the affidavit, Wilson did not deny that he had made erroneous entries on his QSARs, but claimed a QSAR was not a "critical matter," that mistakes in the reports were commonplace, and that a younger worker who made a mistake was not reprimanded. He also stated that he had heard "management" say "the environment is changing" and about twenty years ago had been told he was too old to be a manager. On May 10, Wilson also served his first set of interrogatories and request for production of documents seeking, among other things, the identity of all employees who had been charged with misconduct violations (Interrogatory 6) and all employees who had applied for or worked as customer representatives since January 1, 1989 (Interrogatory 9).

IBM filed answers and objections to the discovery request, including objections to the breadth of Interrogatories 6 and 9. On August 5, the day set for a hearing on IBM's motion for summary judgment, Wilson filed a motion to compel discovery and for sanctions and requested that the court postpone the summary judgment hearing pending completion of discovery. IBM objected, noting the case was two years old and Wilson had waited until the eleventh hour to undertake discovery. The court denied the motion to compel in most respects, except it required IBM to respond to Interrogatories 6 and 9 as to employees supervised by Alim between January 1, 1989 and July 18, 1992, and reset the hearing on IBM's summary judgment motion for September.

In July, Wilson deposed Alim, who stated that Wilson was terminated for falsifying his QSAR in violation of his conditions of employment letter. Alim explained that after the termination Wilson's work was distributed among the remaining eight employees under his supervision. In August, IBM responded to the court's order, providing personnel records of the eight employees. In September, Wilson filed a supplemental affidavit, in which he stated it was "very possible" that he recorded going to Continental Can even though he did not go there, but he did not know any other employees who had

been terminated for "mistakes" in QSARs. He also filed his counsel's affidavit concerning a conversation with an anonymous employee who claimed he had made mistakes in his QSARs but was not reprimanded, and an affidavit of another representative who stated mistakes in QSARs were commonplace.

At the hearing on the motion for summary judgment, the court agreed with IBM that Wilson had failed to establish prima facie cases of age and handicap claims. As to the age claim, based on its review of the personnel files of the eight employees who took over Wilson's work, the court concluded that he failed to establish the fourth element of a prima facie case of age discrimination—that he was replaced by a younger worker. *See Gaworski v. ITT Comm. Fin. Corp.,* 17 F.3d 1104, 1109 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 355, 130 L.Ed.2d 310 (1994). In particular, the court noted that although some of the eight employees were younger than Wilson, three were aged 50 or over. The court also concluded that there was no other evidence to demonstrate that age played a factor in his termination or other age claims and "absolutely nothing in the record other than [Wilson's] speculation" to support the claim of handicap discrimination.

## DISCUSSION

■ On appeal Wilson first argues that the court erred in denying in most part his motion to compel and by limiting Interrogatories 6 and 9 to the employees under Alim's supervision from January 1, 1989 to July 18, 1990. "The standard for review of the district court's refusal to compel discovery is one of gross abuse of discretion." *Kinkead v. Southwestern Bell Tel. Co.,* 49 F.3d 454, 457 (8th Cir.1995). We first note that, as IBM points out, many of the discovery issues Wilson attempts to raise on appeal are not properly before this court because his allegations of error are vague and conclusory or he failed to raise them before the district court. We also note that, contrary to Wilson's suggestion on appeal, a district court need not "allow parties to conduct discovery before entering summary judgment[,]" *Humphreys v. Roche Biomedical Lab., Inc.,* 990 F.2d 1078, 1081 (8th Cir.1993) (citing Fed.R.Civ.P. 56), especially if a party did not "diligently pursue[ ] its *previous* discovery opportunities." *Qualls v. Blue Cross,* 22 F.3d 839, 844 (9th Cir.1994). In any event, the court postponed ruling on the summary judgment until IBM responded to its order, and in the circumstances of this case, including the eleventh-hour nature and the overbreadth of many of the discovery requests, we find no abuse of the court's discretion concerning the motion to compel. *See, e.g., McGowan v. General Dynamics Corp.,* 794 F.2d 361, 363 (8th Cir.1986) (no abuse of discretion in denying motion to compel where discovery requests were "extremely broad in scope, both in terms of the period of time and the number of jobs").

■ Wilson next argues that the district court erred in granting IBM's motion for summary judgment on the ground that he did not make a prima facie case of age discrimination. We review a grant of summary judgment de novo. *Kinkead,* 49 F.3d at 456. " 'Although summary judgment should seldom be granted in employment discrimination cases, if the plaintiff fails to establish a factual dispute on each element of the prima facie case, summary judgment is appropriate.' " *Bialas v. Greyhound Lines, Inc.,* 59 F.3d 759, 762 (8th Cir.1995) (quoting *Weber v. American Express Co.,* 994 F.2d 513, 515–16 (8th Cir.1993)).

As to the fourth element of his termination claim, Wilson argues the district court erred in holding that he was not replaced by a younger worker. He does not dispute that three of the employees who took over his duties were aged 50 or over, but notes that some of the employees were younger. He claims that the court discounted the presence of these younger employees because some were in their forties and relies on *Rinehart v. City of Independence,* 35 F.3d 1263 (8th Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1822, 131 L.Ed.2d 744 (1995).

In *Rinehart,* a 67 year-old police chief, who had been fired and replaced by a 48 year-old person, filed an ADEA action alleging unlawful discharge. The district court granted the defendant's motion for summary judgment on the ground that plaintiff failed to establish the fourth element to the prima facie case. This court reversed, holding that in the non-

reduction-in-force case, the district court "erred to the extent it required Rinehart to demonstrate as part of his prima facie case that his replacement came from outside the protected class of workers aged 40 or above." *Id.* at 1266 (footnote omitted). However, we noted that the "elements of a prima facie case are flexible and vary depending on the factual situation giving rise to the dispute[,] and that the prima facie case should require plaintiffs to demonstrate that the adverse employment action occurred under circumstances which gave rise to an inference of unlawful discrimination." *Id.* at 1267 (internal citation and quotation omitted). Because Rinehart had been replaced by a worker almost twenty years younger, we held that he satisfied the fourth element of a prima facie age claim, and no more was required. We found it unnecessary to address defendant's argument that an inference of discrimination would not be appropriate if Rinehart had been replaced by a person a year younger, but expressed our belief that district courts "simply could require the plaintiff to show as the fourth element of a prima facie case that he or she 'was replaced by a person *sufficiently younger* to permit an inference of discrimination.'" *Id.* at 1269 (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir.1994)). *See also Hardin v. Hussmann Corp.*, 45 F.3d 262, 264 (8th Cir.1995) ("The importance of the prima facie showing is that it creates the inference that the employer terminated the plaintiff for an impermissible reason.").

In the facts of this case, we agree with the district court that Wilson did not establish the fourth element of his prima facie case. As the court noted, three of the eight employees who took over Wilson's duties were over 50 years old, and we agree that "[a]n inference of age discrimination cannot be drawn from these facts." *Raschick v. Prudent Supply, Inc.*, 830 F.2d 1497, 1500 (8th Cir.1987), *cert. denied,* 485 U.S. 935, 108 S.Ct. 1111, 99 L.Ed.2d 272 (1988). Nor, contrary to Wilson's suggestion on ap-

peal, in the circumstances of this case, can an inference of discrimination be drawn because some of the workers over age 40 went on leave without pay following his termination. Moreover, we agree with IBM that even if Wilson had established a prima facie case regarding his termination, summary judgment would still be appropriate because he failed to "demonstrate the existence of evidence of some additional facts that would allow a jury to find that the defendant's proffered reason is a pretext and that the real reason for its action was intentional discrimination." *Krenik v. County of Le Sueur,* 47 F.3d 953, 958 (8th Cir.1995) (citing *St. Mary's Honor Center v. Hicks,* —— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)).

We have considered Wilson's other arguments raised on appeal, including his arguments concerning direct evidence, and find that they are without merit.[2] In conclusion, we hold that the district court properly granted summary judgment on all of Wilson's age and handicap discrimination claims. As the district court observed, "to withstand the motion for summary judgment, [the non-moving party] must substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy." *Moody v. St. Charles County,* 23 F.3d 1410, 1412 (8th Cir.1994) (internal quotation omitted). *See also El Deeb v. University of Minnesota,* 60 F.3d 423, 431 (8th Cir.1995) (non-movant's affidavits insufficient as matter of law "to establish the existence of a genuine issue of material fact on the question of discrimination by the defendants").

As indicated, the judgment of the district court is affirmed.

---

**2.** Wilson's allegations that "management" said the environment was "changing" and that over twenty years ago someone told him that he was too old to be a manager are insufficient evidence of "conduct or statements by persons involved in

the decisionmaking process that may be viewed as directly reflecting the alleged discriminatory attitude." *Radabaugh v. Zip Feed Mills, Inc.,* 997 F.2d 444, 449 (8th Cir.1993) (internal quotation omitted). *See also Bialas,* 59 F.3d at 763–64.