# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

———————

No. 96-2282

———————

Sharon Kinkead,                           *
                                          *
    Plaintiff - Appellant,         *
                                          *
    v.                             *
                                          *
                                          *  Appeal from the United States
Southwestern Bell Corporation             *  District Court for the
Sickness & Accident Disability            *  Eastern District of Missouri.
Benefit Plan; Southwestern                *
Bell Corp. Long Term Disability *
Plan for Salaried Employees;              *
Southwestern Bell Corporation,            *
                                          *
    Defendants - Appellees.        *

———————

Submitted:  December 9, 1996

Filed:  April 9, 1997

———————

Before FAGG and LOKEN, Circuit Judges, and KYLE,[*] District Judge.

———————

LOKEN, Circuit Judge.

Sharon Kinkead appeals the district court's[1] dismissal of her ERISA benefit claims against Southwestern Bell Corporation (Bell) and two of its employee benefits plans. Agreeing that Kinkead's suit is barred by her failure to exhaust the plans' contractual appeal procedures, we affirm.

---

[*]The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota, sitting by designation.

[1]The HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri.

Following a traffic accident, Kinkead applied for short-term disability benefits from the Bell plans in September 1989. On October 12, Bell terminated her employment. On December 18, the plans' Benefit Committee notified Kinkead of its decision that she was not entitled to further benefits. Kinkead did not ask the Committee for further review of this denial, as permitted by the plans and invited by the claim denial notice. Instead, she sued Bell for retaliatory discharge in violation of § 510 of ERISA, 29 U.S.C. § 1140. After this claim was dismissed, see Kinkead v. Southwestern Bell Tel. Co., 49 F.3d 454 (8th Cir. 1995), she commenced this action to recover disability benefits allegedly due her under the plans. See 29 U.S.C. § 1132(a)(1)(B).

The district court granted defendants' motion to dismiss on the ground that Kinkead failed to exhaust her contractual plan remedies. Kinkead appeals, arguing that defendants' claim denial notice was inadequate and, in any event, the plans do not require exhaustion of the plan review procedures. Exhaustion is a threshold legal issue we review de novo. See, e.g., Conley v. Pitney Bowes Corp., 34 F.3d 714 (8th Cir. 1994).

ERISA expressly provides that every employee benefit plan must "provide adequate notice in writing" of each claim denial, and "afford a reasonable opportunity . . . for a full and fair review" of each denial. 29 U.S.C. § 1133. The Department of Labor's implementing regulations contain similar requirements. See 29 C.F.R. § 2560.503-1(f) and (g). Not surprisingly, therefore, the Bell plans at issue contain provisions requiring that participants be notified of claim denials and establishing an internal procedure for further review.

Federal courts applying ERISA have uniformly concluded that benefit claimants *must* exhaust the review procedures mandated by 29 U.S.C. § 1133(2) before bringing claims for wrongful denial to court. See, e.g., Diaz v. United Agric. Employee Welfare Benefit Plan & Trust, 50 F.3d 1478 (9th Cir. 1995); Communications Workers of America v. American Tel. & Tel. Co., 40 F.3d 426 (D.C. Cir. 1994). Such exhaustion serves many important ERISA purposes. It "minimize[s] the number of frivolous ERISA lawsuits; promote[s] the consistent treatment of benefit claims; provide[s] a nonadversarial dispute resolution process; and decrease[s] the cost and time of claims settlement." Makar v. Health Care Corp. of the Mid-Atlantic, 872 F.2d 80, 83 (4th Cir. 1989). Moreover, when a benefit plan gives the decision-maker discretionary authority to determine claims, claim denials are reviewed for abuse of discretion on the record considered by the plan decision-maker. See Ravenscraft v. Hy-Vee Employee Benefit Plan & Trust, 85 F.3d 398, 402 (8th Cir. 1996).[2] In these situations, exhaustion "enhance[s] the ability of trustees to interpret plan provisions [and] help[s] assemble a factual record which will assist a court in reviewing" claim denials. Conley, 34 F.3d at 718.

With these basic principles established, we turn to Kinkead's specific contentions on appeal.

**1. The denial notice.** Kinkead first argues that the Benefit Committee's claim denial letter failed to comply with the notice requirements set forth in the plans, 29 U.S.C. § 1133(1), and 29 C.F.R. § 2560.503-1(f). Therefore, defendants may not enforce the contractual exhaustion requirement. See Conley, 34 F.3d at 718 (exhaustion not required when claim denial notice did not advise of

---

[2]The Bell plans grant such discretionary authority to the Benefit Committee.

-3-

appeal procedure and claimant had no actual knowledge of that procedure).

The Committee's letter notified Kinkead that it had examined her file, "including a medical report from your doctor and the opinion of our Medical Advisor," and was denying her claim "because medical evidence does not substantiate you were disabled." The letter advised that the Committee "relied upon the provisions of Article 4, Paragraph 4.1 of the Plan" and went on to quote that provision. Regarding review procedures, the letter stated:

> You have the right to request that your claim denial be reviewed and to review pertinent documents relating to the denial. If you wish your denial of claim for benefits to be reviewed, you or your authorized agent may submit a written request for review to [the Benefit Committee's Secretary]. A request for review must be submitted within sixty (60) days of your receipt of this letter. It is important that any additional information you would like to be considered at the time of review accompany your written request.

The Committee's letter adequately described the claim review process. It advised Kinkead she had a right to further review and to examine the Committee's file. It told her where and when to submit a request for review and whether she could submit additional information. Thus, this case is distinguishable from Conley, where the claim denial notice made no mention of an appeal process. Kinkead argues that she was entitled to a clear statement that she must exhaust this review procedure. But neither the statute, the Department's regulations, nor any prior case imposes such a notice requirement. Given the practical reasons favoring exhaustion, claimants with notice of an available review procedure should know that they must take advantage of that procedure if they wish to bring wrongful benefit denial claims to court.

Kinkead further argues that the Committee's denial letter failed to provide a sufficiently detailed analysis of the reasons for denying her claim, as we required in <u>Brumm v. Bert Bell NFL Retirement Plan</u>, 995 F.2d 1433, 1436-37 (8th Cir. 1993); <u>Cox v. Mid-America Dairymen, Inc.</u>, 965 F.2d 569, 573-74 (8th Cir. 1992); and <u>Richardson v. Central States, S.E. & S.W. Areas Pension Fund</u>, 645 F.2d 660, 665 (8th Cir. 1981). But in these cases, we were reviewing, on the merits, *final* claim denial letters that did not provide an adequate explanation of the plan administrator's discretionary decision. <u>See</u> <u>Collins v. Central States, S.E. & S.W. Areas Health & Welfare Fund</u>, 18 F.3d 556, 561 (8th Cir. 1994) (final denial notice adequate if it "permit[s claimant] to challenge the denial in federal court and for us to review it"). Here, on the other hand, we deal with an initial claim denial notice. At this early stage of the claim process, administrative efficiency is a virtue, so long as disappointed claimants are advised of their right to pursue the plan's review procedures. Therefore, the initial claim denial need not be extensive, provided that it explains the basis for the adverse initial decision sufficiently to permit the claimant to prepare an informed request for further review.

In this case, the Committee's letter notified Kinkead that her claim was denied "because medical evidence does not substantiate you were disabled." The letter told her what medical reports the Committee had considered and advised her that she could review these documents and submit additional information with her request for further review. The letter was sufficient to trigger an appeal process that Kinkead was required to exhaust.

**2. The Plans' Exhaustion Requirement.** Kinkead next argues that the Bell plans create an optional review procedure, not a

procedure that claimants must exhaust. The district court's opinion expressly states that Kinkead did not raise this issue in opposing defendants' motion to dismiss. In her reply brief to this court, Kinkead asserts that the district court overlooked her "response to defendants' reply in support of motion to dismiss," a pleading she did not include in the record on appeal. We conclude that this issue is not properly preserved.

In addition, while we agree that the need to exhaust is a question of contract interpretation, see Schneider Moving & Storage Co. v. Robbins, 466 U.S. 364 (1984), benefit plans are required by law to include a claim review procedure, and the duty to exhaust furthers important ERISA purposes. In these circumstances, any plan claim review procedure that meets the requirements of 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(f) and (g) will trigger the judicially imposed duty to exhaust that remedy.[3]

The judgment of the district court is affirmed. Appellees' motion for costs and attorney's fees is denied.

KYLE, District Judge, dissenting.

I respectfully dissent from the majority's conclusion that the plans were not required to advise Kinkead that, after being notified that her application for benefits had been denied, she

---

[3]Kinkead relies on Conley for the proposition that benefit plans must explicitly require exhaustion. But the contractual duty to exhaust was conceded in Conley; we considered only whether that duty should be imposed on a claimant who had no notice or knowledge of the plan's claim review procedure.

must exhaust their appeal procedures before filing suit in federal court.[4]

The Court writes that "neither the statute, the Department's regulations, nor any prior case imposes such a notice requirement." ERISA itself, however, does not contain any exhaustion requirement. The statute is silent on this issue; exhaustion is a judicially created requirement. See Conley v. Pitney Bowes, 34 F.3d 714, 716 (8th Cir. 1994).

The opinion states that: "[G]iven the practical reasons favoring exhaustion, claimants with notice of an available review procedure should know that they must take advantage of that procedure if they wish to bring wrongful benefit denial claims to court." (Emphasis added). While there are practical reasons favoring exhaustion, it does not, in my view, follow that claimants should know that they must take advantage of those procedures if they wish to file a lawsuit to enforce their benefits. We are not necessarily dealing with sophisticated employees or lawyers specializing in ERISA claims. Requiring the plan to clearly advise a claimant of the consequences of not exhausting the administrative review process would not place a substantial burden on the plan administrators, but it would explain the adverse consequences to an uninformed claimant.

In summary, I believe that a plan should be required to clearly inform a claimant that its internal review procedures must be exhausted before, and as a condition of, seeking judicial relief. The plans under review here failed to so inform Kinkead.

---

[4]I concur with the majority's conclusions that the Committee's claim denial letter adequately described the claim review process and provided a sufficiently detailed analysis of the reasons for denying Kinkead's claim.

Accordingly, I would reverse the Order of the District Court and allow Kinkead to proceed with her ERISA benefit claims against Bell and its two plans.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.