

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2003

# Finizie v. Principi

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3588

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Finizie v. Principi" (2003). *2003 Decisions.* Paper 348.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/348

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 02-3588

————

SHARON A. FINIZIE,
                              Appellant

v.

ANTHONY J. PRINCIPI, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS

————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 00-cv-03268
District Judge:  The Honorable Stewart Dalzell

————

Submitted Under Third Circuit LAR 34.1(a)
July 18, 2003

————

Before: McKEE, BARRY, and WEIS, Circuit Judges

————

(Opinion Filed:  July 23, 2003)

————

OPINION

————

BARRY, Circuit Judge

Appellant Sharon A. Finizie brought this employment discrimination action against appellee Anthony J. Principi, Secretary, Department of Veteran Affairs ("the VA"). After a bench trial, the District Court entered judgment for the VA, stating its findings of fact and conclusions of law on the record. Finizie filed a motion for a new trial. The District Court denied her motion in an order dated July 29, 2002, and Finizie filed this timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and will affirm.

**I.**

We will not provide a detailed recitation of the facts, given that we write only for the parties and the District Court. At the time relevant here, Finizie, who was 39 years old and white, worked as an infection control nurse at the Philadelphia Veterans Affairs Medical Center (the "Medical Center"). In her complaint, she alleged that her "constructive" permanent reassignment from infection control nurse to quality management specialist was motivated by discrimination on the basis of her race and age, and that she was being retaliated against for her previous complaints to the EEOC.[1]

Finizie now challenges three evidentiary rulings by the District Court: (1) permitting the government to introduce the prior testimony of Earl Falast; (2) not

---

[1] On appeal, Finizie has apparently dropped her claim of discrimination based on perceived disability and her claim of retaliation.

2

admitting Finizie's expert, Alan Izenman, Ph.D., to opine concerning hiring practices at the Medical Center ; and (3) not permitting Finizie to offer rebuttal testimony at the close of the VA's case. We review the District Court's decision to admit or exclude evidence for abuse of discretion. *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002). When reviewing a district court's discretionary decision about whether to grant a new trial, "[p]articular deference is appropriate [when] the decision to grant a new trial rested on an evidentiary ruling that was itself entrusted to the trial court's discretion." *Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 187 (3d Cir. 1990). Even if an error occurred, the trial court may deny a motion for a new trial if it determines that it is highly probable that the moving party's "substantial rights" were not affected. *Honeywell, Inc. v. Am. Standards Testing Bureau, Inc.*, 851 F.2d 652, 657 (3d Cir. 1988).

### A. Falast's Testimony

First, we address the District Court's decision to permit the government to introduce, pursuant to Rule 804(b)(1), the testimony of Earl Falast in a prior EEO proceeding, after finding that Falast was unavailable as a witness under Rule 804(a)(4). The EEO proceeding was the result of one of Finizie's EEO complaints, in which she had challenged, *inter alia*, Falast's 1994 decision to reassign her permanently to the position of quality management specialist.

Rule 804(a)(4) provides that "unavailability as a witness" includes situations in

which a witness "is unable to be present or to testify at the hearing because of... then existing physical or mental illness or infirmity." In deciding that Falast was unavailable, the District Court relied on a declaration by Falast's physician, Anad K. Salem, M.D., which explained Falast's medical condition and precisely why that medical condition rendered Falast "unavailable" to testify. (Confidential Appendix.) No more is required. We, thus, reject Finizie's contention that Dr. Salem's declaration did not sufficiently support a finding of unavailability.

We require the party seeking to introduce hearsay testimony based on medical unavailability to provide objective medical support for its claim that a witness is ill or infirm. *See Complaint of Bankers Trust Co.*, 752 F.2d 874, 888 (3d Cir. 1984) (refusing to find that witness was unavailable, where party's attorney testified that witness was physically infirm but introduced "no affidavits or other information supporting the assertion of medical disability." A district court's finding of medical unavailability reasonably supported by objective medical evidence, such as we have here, is entitled to "respectful deference."[2] *United States v. Faison*, 679 F.2d 292, 297 (3d Cir. 2982).

---

[2] In *Faison*, we reversed the refusal of the district court to put off a criminal trial when a key government witness was expected to recover from heart surgery within five weeks. We stated that in determining whether to admit the prior testimony of a witness who is temporarily medically unavailable

> a trial judge must consider all relevant circumstances, including: the importance of the absent witness for the case; the nature and extent of cross-examination in the earlier testimony; the nature of the illness; the expected time of recovery; the reliability of the evidence of the probable

4

There is no requirement under Rule 804(a)(4) that the kind of specific clinical documentation sought by Finizie be provided.

Moreover, Finizie has not identified any way in which she was prejudiced by the District Court's decision to admit Falast's prior testimony. Finizie has not contested the VA's statement that in the EEO proceeding in which Falast testified, she was represented by an attorney and had the opportunity to cross-examine Falast. Moreover, because this was a bench trial, the importance of live cross-examination was somewhat diminished. The District Court did not abuse its discretion in denying Finizie's motion for a new trial on this basis.

## B.    Izenman's Testimony

We next address Finizie's contention that the District Court improperly excluded the expert opinion of Alan Izenman, Ph.D. Finizie identified Izenman as her proposed

---

duration of the illness; and any special circumstances counseling against delay. It is essential for appellate review that the district judge elaborate his considerations and explain his reasons for admitting prior testimony rather than granting a reasonable continuance.

*Faison*, 679 F.2d at 297.

*Faison* is distinguishable from this case in two significant ways. First, in *Faison*, we were balancing a criminal defendant's constitutional right to confront the witnesses against him against the policies enunciated in the Speedy Trial Act, considerations that do not apply here. Second, *Faison* addressed the possible delay of a trial where "the witness is expected to recover sufficiently to testify within a reasonable period." *Id.* There was no indication here that Falast's medical condition would improve.

expert and produced his report three weeks after discovery had closed and a day before the parties' pretrial stipulations were due. In his report, Izenman limited his proposed opinion to the rate at which white nurses were hired as opposed to the rate at which minority nurses were hired at the Medical Center during 1987-92; the report did not discuss discipline, reassignments, promotions, or awards. The VA filed a motion *in limine* to exclude Izenman's proposed testimony. The District Court granted the motion, finding that Izenman's opinion as to hiring rates was not relevant to Finizie's case, since Finizie did not allege a failure to hire. The District Court denied Finizie's motion for a new trial based on its exclusion of Izenman's testimony for similar reasons. Here, too, the District Court did not abuse its discretion in denying Finizie's motion for a new trial.

## C.    Rebuttal Testimony

Finally, Finizie alleges that the District Court abused its discretion in not permitting her to testify on rebuttal after the VA presented its case. Rebuttal evidence is properly admissible when it will "explain, repel, counteract or disprove the evidence of the adverse party." *United States v. Chrzanowski*, 502 F.2d 573, 576 (3d Cir. 1974). We review a district court's decision regarding the scope of rebuttal for a clear abuse of discretion. *Bhaya*, 922 F.2d at 190.

After the VA had presented its case, Finizie sought to testify in response to her alleged lack of work in the safety committee; testimony by Dr. George McNeal, the Chief

of Staff, concerning the conduct of an investigation; and Falast's prior testimony. The District Court refused her request, finding that her proposed testimony would be cumulative, that McNeal – and, of course, Falast – was no longer available for sur-rebuttal, and that Finizie had no reason to be surprised by the witnesses' testimony– especially Falast's testimony, which had long been available to her.

In her motion for a new trial, Finizie again challenged the District Court 's decision not to permit her rebuttal testimony, but on a different ground: she contended that her testimony was necessary only to impeach the testimony of Sandra Harris, a former epidemiologist who supervised her at the Medical Center, that Finizie had not carried out her responsibilities in the infection control program and had not communicated or worked cooperatively with Harris.

In denying Finizie's motion for a new trial, the District Court found that Finizie had already specifically rebutted Harris's allegations in her trial testimony, when she stated that she did not have difficulty working with team members, that she took direction from Harris, and that she properly carried out her responsibilities. In addition, the District Court noted that Harris was no longer available for sur-rebuttal by the time Finizie made her request and that Finizie had demonstrated no prejudice.

Finizie argues to us that the District Court wrongfully denied her the opportunity to rebut testimony by McNeal, Falast, *and* Harris. With regard to Harris's testimony, based on the District Court's findings and the fact that Finizie raised *none* of the concerns

7

regarding Harris's testimony at trial but only in her motion for a new trial, we find no abuse of discretion. We similarly find no abuse of discretion with regard to the District Court's denial, at trial, of Finizie's request to rebut the testimony of McNeal and Falast for essentially the same reasons stated by the District Court. Moreover, Finizie did not argue in her motion for a new trial that she should have been permitted to rebut their testimony and has not explained to us why it was important for her to do so.

## II.

The order of the District Court denying the motion for a new trial will be affirmed.

TO THE CLERK OF COURT:

Kindly file the foregoing opinion.

<u>/s/ Maryanne Trump Barry</u>
Circuit Judge