OPINION
AMBRO, Circuit Judge.
Between 2003 and 2006, Sharon A. Fini-zie brought five separate employment-discrimination actions against the Department of Veterans Affairs Medical Center (“VA”), alleging violations of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 42 U.S.C. § 2000e et seq. The District Court consolidated the different actions into one action in July 2007, and later granted summary judgment to the VA on each of Finizie’s claims. Finizie now appeals those grants of summary judgment, in addition to a prior order denying her motion to compel the production of discovery materials. We affirm all the judgments of the District Court.
I.
Because we write solely for the parties, we recite only the facts necessary to our decision. Finizie, a registered nurse, has worked for the VA since the late 1970s. *670 She has held various positions during her time at the VA and currently works in the area of Quality Management (QM). She began participating in Equal Employment Opportunity (“EEO”) activity in May 1993.[1] Her participation was continuous, at least up to the time of the District Court’s decision. This appeal relates to her second set of actions against the VA.[2]
The employment-discrimination claims at issue here stem from five separate incidents, each of which (according to Finizie) involved either retaliation for her prior EEO activity or gender discrimination. The various claims were brought in 2003, 2004, and 2006, but were held in civil suspense by the District Court pending the final outcome of all the associated administrative proceedings. The claims were ultimately consolidated in July 2007.
Finizie’s first employment-discrimination claim relates to the VA’s alleged delay in permanently assigning her to the position of QM Specialist. That position became vacant in February 2000, but was not offered to Finizie until February 2001. In the interim, Finizie performed QM Specialist duties, reported to the temporary QM Director and had the title of “QM Specialist of Neurology, Audiology, Dental,” but still technically remained outside of the QM Department. During that same period, the VA employed a part-time, temporary QM Specialist, whose contract it repeatedly renewed. Finizie alleges that the initial withholding of the permanent position from her, combined with the continued decision to employ a temporary employee also working in the QM area, amounted to a deliberate underuse of her skills in retaliation for her prior EEO activity.
Finizie’s second claim stems from her first round of litigation against the VA. After she appealed the 2002 judgment against her to our Court, the Director of the Third Circuit Mediation Program scheduled a mediation. In December 2002, the Director cancelled the mediation after reading the parties’ position papers, having concluded that mediation would be fruitless. In her subsequent complaint, Finizie alleged that the VA had, for retaliatory reasons, failed to engage her in a good-faith settlement process.
Finizie’s third and fourth claims both relate to her non-selection for the position of infection control nurse. In May 2002, the VA posted the job listing for that position. The hospital interviewed six people for the job and ranked Finizie fourth. The hospital offered the job to the top three candidates in order of ranking, each of whom turned it down. Instead of then offering the position to Finizie, who met the minimal qualifications, the hospital chose to offer the job, on an interim basis, to the first-choice candidate, who accepted the interim position. The hospital then reposted the position in January 2003. Finizie again applied and interviewed for the job. The hospital ultimately hired a male applicant for the position. Finizie subsequently brought two complaints related to this sequence of events — a retaliation claim for not hiring Finizie when the position was initially listed, and a gender-discrimination claim for hiring a man instead of her when the position was listed the second time.
Finizie’s final claim relates to her status as an ad hoc member of the VA Medical *671 Center’s Infection Control Committee. She alleges that she was the only member of the Committee identified as merely an “ad hoc member,” and that the withholding of unrestricted membership status from her was retaliatory.
In October 2007, shortly after Finizie’s five claims were taken out of civil suspense and consolidated, the VA moved for summary judgment on each. Finizie responded by moving, under Federal Rule of Civil Procedure 56(f), for more discovery, naming seven people she wanted to depose. On February 1, 2008, the Court granted summary judgment to the VA on the claims relating to the VA’s alleged failure to negotiate in good faith, its initial refusal to hire her for the infection control nurse position, and its giving her ad hoc Infection Control Committee status.[3] However, the Court granted Finizie’s Rule 56(f) motion with respect to Finizie’s remaining two claims (the ones relating to the VA’s alleged delay in placing her in a permanent QM position and its alleged discrimination in hiring a man for the infection control nurse position when it was listed the second time). The Court set a discovery period of February 1, 2008 to March 14, 2008 and gave the parties until March 21, 2008 to make motions for summary judgment.
On February 19, 2008, Finizie filed a motion to reconsider the District Court’s grants of summary judgment. The Court denied this motion three days later. Shortly thereafter, Finizie served a set of interrogatories and document requests on the VA relating to her remaining two claims. She received those responses on March 17. The VA moved for summary judgment on the remaining two claims on March 20. On March 31, Finizie filed a motion to compel, which the Court denied on April 1.[4] The Court then granted summary judgment to the VA on the remaining claims on April 16, 548 F.Supp.2d 171. Finizie filed a motion for reconsideration of the grants of summary judgment on April 30, which the Court denied one week later. Finizie timely appealed.[5]
II.
To review the bidding, Finizie appeals both the denial of her motion to compel *672 discovery materials and the various grants of summary judgment against her.
A.
She argues that the District Court erred in denying her motion to compel.[6] A denial of a motion to compel is reviewed for “gross abuse of discretion.” Kinkead v. Southwestern Bell Tel. Co., 49 F.3d 454, 457 (8th Cir.1995); Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.1993). We see nothing to suggest such an abuse of discretion here. The record clearly indicates that Finizie was given the opportunity to obtain the discovery she seeks and simply failed to do so.[7] We thus affirm.[8]
B.
Next, Finizie argues that the District Court erred in concluding that she had not presented sufficient evidence of discrimination or retaliatory behavior to withstand summary judgment on any of her five employment-discrimination claims.[9] In those claims, Finizie alleged *673 that the VA: (1) retaliated against her when it delayed placing her in the permanent QM Specialist position, while at the same employing a temporary worker with similar responsibilities; (2) retaliated against her by failing to negotiate in good faith; (3) retaliated against her when it initially did not select her for the infection control nurse position, but instead filled the position on a temporary basis; (4) engaged in sex discrimination when it did not select her for the infection control nurse position the second time around and instead hired a man; and (5) retaliated against her when it made her an ad hoc Infection Control Committee member. We agree with the District Court that none of the claims should make it to a jury.
Each of Finizie’s claims is governed by the burden-shifting framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under that framework, Finizie bears the initial burden of establishing a prima facie case of discrimination. For her retaliation claims, this means that she must show, inter alia, that she suffered some adverse employment action at the hands of the VA. See Kachmar v. SunGard Data Sys. Inc., 109 F.3d 173 (3d Cir.1997). If Finizie succeeds in making out her pri-ma facie case, the burden of production (but not persuasion) then shifts to the VA to articulate a legitimate non-diseriminato-ry reason for the challenged action. If the VA does so, the burden shifts back to Finizie to show that the VA’s proffered reason is mere pretext. See McDonnell Douglas, 411 U.S. at 801-05, 93 S.Ct. 1817.
We start with Finizie’s delay/underuse claim. The VA has stated a legitimate, non-discriminatory reason for not assigning her the QM Specialist position until February 2001 — it did not receive permission to fill the vacancy on a permanent basis until that time. Finizie has offered nothing that could cause a reasonable jury to doubt that explanation. That also takes care of Finizie’s associated argument relating to the VA’s decision to continue to employ a temporary person with responsibilities that overlapped with Finizie’s area of competence. If that decision were unconnected to the delay in moving Finizie to the QM Specialist position, we do not see how it could have been an adverse employment action against Finizie. We thus affirm the grant of summary judgment on this claim.
Finizie’s claim alleging that the VA failed to negotiate in good faith in the Third Circuit mediation cannot succeed for an even simpler reason. The action she complains of — cancelling the mediation— was undertaken by the Director of the Third Circuit Mediation Program, not the VA. Thus, it cannot serve as the basis for an employment-discrimination against the VA.
Finizie’s third and fourth claims— the ones relating to her non-selection for the position of infection control nurse — fail at the third step of the McDonnell Douglas analysis. The legitimate, non-discriminatory reasons offered by the VA for not hiring her as an infection control nurse were that it (1) initially hired its first choice, albeit on a contract basis, and (2) when it hired a man the second time around it was because he had current infection control experience, while Finizie did not. Finizie’s various attempts to show that these explanations are mere pretext revolve around emphasizing her own qualifications for the position, not showing that the persons hired instead were demonstratively less qualified. It is well-established that, under Title VII, an “employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria.” Texas Dep’t of Cmty. Affairs v. Bur- *674 dine, 450 U.S. 248, 259, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Thus, Finizie has failed to show that the VA’s proffered reasons are mere pretext.
Finally, Finizie’s claim stemming from her ad hoc committee status also cannot succeed. That is because being accorded ad hoc committee status was not a “materially adverse” action, and thus cannot serve as basis of an action for retaliation. See Burlington N. & Santa Fe Rwy. Co. v. White, 548 U.S. 53, 67, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (“The antiretaliation provision [of Title VII] protects an individual not from all retaliation, but from retaliation that produces an injury or harm.”). Finizie argues that being placed on this status constituted a “materially adverse” employment condition because all other committee members had rights to attend all of the meetings, participate in all discussions, and receive copies of the meeting minutes, while she was told that she only had to attend the meetings that involved subject matter relating to her position. That is not sufficient to qualify. See id. at 68, 126 S.Ct. 2405 (distinguishing between “material adversity” and “trivial harms” and following a “reasonable employee” standard to make that distinction). We thus find that Finizie fails even to state a prima facie case on this claim.
* * * * * *
For these reasons, we affirm the judgments of the District Court.

. She has participated in EEO activity on behalf of herself by filing various complaints and also on behalf of other employees by being a witness in their discrimination complaints against the VA. She refers to her history of protracted litigation and EEO activity as “legendary,” "tenacious” and "unrelenting.”

. In her first set of actions, which were consolidated in 2002, Finizie lost on ail of her claims. See Finizie v. Principi, Civil Action No. 00-3268, aff’d, 69 Fed.Appx. 571 (3d Cir. 2003).

. When the District Court consolidated these actions, it ordered Finizie to file an amended consolidated complaint incorporating the claims brought in her initial complaints. In her amended complaint, however, Finizie failed to divide her claims into separate counts. Accordingly, the Court referred to Finizie's initial complaints in its orders so as to identify clearly the claims on which it was granting summary judgment in favor of the VA.

. Later that same day, Finizie filed a motion to reconsider after the Court denied her motion to compel. The Court denied this motion to reconsider, citing the same reasons it gave when denying the initial motion to compel.

. The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.
As noted above, Finizie seeks to challenge on appeal (1) the District Court's grants of summary judgment on three of Finizie's claims on February 1, (2) its denial of her motion to compel on April 1, and (3) its grants of summary judgment on Finizie's two remaining claims on April 16. Technically, however, the final order from which Finizie appeals is the Court's May 6, 2008 denial of her motion to reconsider its grants of summary judgment on April 16. Thus, while our jurisdiction over the Court’s April 16 order was preserved, see LeBoon v. Lancaster Jewish Cmty. Ctr. Ass’n, 503 F.3d 217, 225 n. 6 (3d Cir.2007) (a notice of appeal that identifies only the order denying a motion for reconsideration “does not in itself deprive us of jurisdiction over the appeal from the underlying order on the summary judgment motions”), we must assess our jurisdiction over the additional orders Finizie seeks to challenge.
We are satisfied as to our jurisdiction to review these orders. A notice of appeal must "designate the judgment, order or part thereof being appealed.” Fed. R.App. P. *672 3(c)(1)(B). However, we "liberally construe the requirements of Rule 3(c),” Pacitti by Pacitti v. Macy’s, 193 F.3d 766, 776 (3d Cir. 1999), and an appellant's “fail[ure] to refer specifically to earlier orders disposing of other claims ... does not preclude us from reviewing those orders.” Shea v. Smith, 966 F.2d 127, 129 (3d Cir. 1992). Moreover, because the District Court did not mention Federal Rule of Civil Procedure 54(b) in its February 1, 2008 grant of partial summary judgment — or make an express determination that there was “no just reason for delay,” Fed.R.Civ.P. 54(b) — we "cannot reasonably conclude that the ... Court intended to enter a partial final judgment pursuant to that Rule.” Berckeley Inv. Group, Ltd. v. Colkitt, 259 F.3d 135, 144 (3d Cir.2001). Accordingly, we may review directly the Court's February 1 grants of summary judgment, as well as its denial of Finizie's motion to compel. See Drinkwater v. Union Carbide Corp., 904 F.2d 853, 858 (3d Cir.1990) (“[S]ince ... only a final judgment or order is appealable, the appeal from a final judgment draws in question all prior non-final orders and rulings.”) (quoting Elfman Motors, Inc. v. Chrysler Corp., 567 F.2d 1252, 1254 (3d Cir. 1977)).

.Exactly what Finizie appeals on this issue is not clear, as this section of her brief merely recites the case's procedural history before concluding that "[t]he [Cjourt abused its discretion by thwarting Finizie's ability to develop a nuanced and factually complex case.” Finizie's Br. at 33. Our best guess is that she is appealing the denial of her motion to compel, as she never renewed her Rule 56(f) motion after it was partially granted and partially denied, and there does not appear to be any other order of the District Court to which this particular line of argument might be linked.

. In particular, instead of taking lull advantage of the six-week discovery period the District Court granted, Finizie waited for more than three weeks to serve interrogatories and document requests on the VA. After receiving the VA’s replies, Finizie waited another two weeks — after discovery had closed and after the deadline to file motions for summary judgment had passed — to request additional information from the VA and to file a motion to compel after the VA refused that request. In addition, there is no evidence in the record indicating that Finizie took, or attempted to take, any of the seven depositions that she asserted she needed in order to withstand a motion for summary judgment. Lastly, it appears that Finizie had approximately three and a half months for discovery in 2003-2004 relating to her delay of placement claim in addition to what the Court granted in February 2008.

. Finizie also alleges, as a distinct ground for appeal, that “The Trial Judge Exhibited Bias and Prejudice Against [her].” Finizie's Br. at 33. We see nothing to suggest bias or prejudice on the District Judge's part. On the contrary, the record indicates that the District Judge made every attempt to allow Finizie to build her case and that he treated her claims with great care. We caution Finizie's attorney about throwing such serious allegations around lightly.

. Our review of a District Court's grant of summary judgment is plenary. See Scheidemantle v. Slippery Rock Univ. State Sys., 470 F.3d 535, 538 (3d Cir.2006).