# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1851

_____

Lisa Jones

*Plaintiff - Appellant*

v.

Aetna Life Insurance Company; The Boeing Company Employee Health and
Welfare Benefit Plan

*Defendants - Appellees*

Employee Benefit Plans Committee of The Boeing Company; The Boeing Company

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 26, 2019
Filed: December 6, 2019

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Aetna Life Insurance Company, a plan administrator under the Employee
Retirement Income Security Act (ERISA), terminated Lisa E. Jones's disability

benefits. Jones sued with two claims: first, under 29 U.S.C. § 1132(a)(1)(B), for "benefits due to [her] under the terms of [her] plan," and second, under 29 U.S.C. § 1132(a)(3), for "appropriate equitable relief" for a breach of fiduciary duty. *See* **29 U.S.C. §§ 1132(a)(1)(B)**; **1132(a)(3)** (incorporating § 1104(a)).

In Jones's earlier appeal, this court rejected her (a)(1)(B) claim, ruling that Aetna did not abuse its discretion in determining she was not disabled. *See **Jones v. Aetna Life Ins. Co.***, 856 F.3d 541, 547-49 (8th Cir. 2017). This court, however, revived her (a)(3) claim, ruling that "seeking relief under (a)(1)(B) does not preclude seeking relief under (a)(3)." *See **id.*** at 546-47, *reversing* 2015 WL 5486883, at *2 (E.D. Mo. Sept. 16, 2015) ("Plaintiff's ability to seek this relief in her § 1132(a)(1)(B) claim forecloses her from also pursuing it in this § 1132(a)(3)(B) claim."). On remand, the district court[1] concluded that Aetna did not breach its fiduciary duty. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Aetna listed exhaustion as an affirmative defense in its Answer and raised it with the district court on remand. Exhaustion is a threshold legal issue this court reviews de novo. *See **Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan***, 111 F.3d 67, 68 (8th Cir. 1997).

"[E]xhaustion of contractual remedies is required in the context of a denial of benefits action under ERISA when there is available to a claimant a contractual review procedure that is in compliance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503–1(f) and (g). This exhaustion requirement applies so long as the [claimant] has notice of the procedure." ***Wert v. Liberty Life Assurance Co. of Boston, Inc.***, 447 F.3d 1060, 1063 (8th Cir. 2006).

---

[1] The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

The parties do not dispute these facts:  the review process in the Plan's Summary Plan Description complies with 29 U.S.C. § 1133 and the regulations; Aetna notified Jones of the process; and Jones did not raise her breach-of-fiduciary-duty claim during the process.  At issue is a legal question:  Is administrative exhaustion required for an ERISA breach-of-fiduciary-duty claim?

ERISA requires an administrative review process for "any participant whose claim for benefits has been denied."  **29 U.S.C. § 1133(2)**.  Exhaustion minimizes frivolous lawsuits, promotes consistent treatment of claims, and enhances the ability of trustees to interpret plan provisions.  *See* *Kinkead*, 111 F.3d at 68.  To fulfill these ERISA purposes, claimants may not avoid the administrative review process by dressing up a denial-of-benefits challenge as a breach-of-fiduciary-duty claim.

True, other circuits split on whether ERISA requires exhaustion when plaintiffs enforce statutory rights—like breach of fiduciary duty—that are not contract rights under the plan.  *See* *Hitchcock v. Cumberland Univ. 403(B) DC Plan*, 851 F.3d 552, 563-64 (6th Cir. 2017) (listing cases).  This court need not decide this issue here.  The "statutory claims exception to the exhaustion requirement does not apply to 'plan-based claims 'artfully dressed in statutory clothing,' such as where a plaintiff seeks to avoid the exhaustion requirement by recharacterizing a claim for benefits as a claim for breach of fiduciary duty.'"  *Id.* at 565, *quoting* *Stephens v. Pension Benefit Guar. Corp.*, 755 F.3d 959, 966 n.7 (D.C. Cir. 2014), *quoting* *Drinkwater v. Metro. Life Ins. Co.*, 846 F.2d 821, 826 (1st Cir. 1988).

Jones alleges two fiduciary breaches, both rooted in Aetna's internal policies and procedures.  *Cf.* *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 304 (2009) (requiring administrator to act in accordance with documents governing the plan, including the savings and investment plan and the summary plan

description). First, Aetna failed to provide a copy of its clinical opinion to Jones's medical providers or to her. Second, according to her, it improperly applied its standard of disability. By ignoring her providers' opinions and by discounting her subjective pain, she concludes that Aetna erroneously determined she was not disabled. This approach merely re-litigates Aetna's determination that she was not disabled. Jones does not, for instance, provide authority that Aetna failed to act with the "care, skill, prudence, and diligence [of] a prudent man," which would establish an independent statutory claim against Aetna. *See* **29 U.S.C. § 1104(a)(1)(B)**; *Jones*, 856 F.3d at 547 (a claimant may raise an (a)(3) claim independent of an (a)(1)(B) claim); *cf.* **Shea v. Esensten**, 107 F.3d 625, 628 (8th Cir. 1997) (finding fiduciary breached its duty by failing to disclose "a financial incentive scheme put in place to influence a treating doctor's referral practices"). Jones failed to administratively exhaust her breach-of-fiduciary-duty claim.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____